DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
  dmarroso@omm.com
HARRISON A. WHITMAN (S.B. #261008)
  hwhitman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Defendant
Top Rank, Inc.



FILED
CLERK, U.S. DISTRICT COURT

MAY - 8 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MIGUEL ANGEL GARCIA a.k.a.
MIKEY GARCIA, an individual,

Plaintiff,

v.

TOP RANK, INC., a Nevada
corporation; and DOES 1-10,
inclusive,

Defendants.

Case No. 5:14-CV- 0928 JGB-SP

**NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. §§ 1441
AND 1446 (FEDERAL QUESTION
AND DIVERSITY JURISDICTION);
DECLARATION OF TODD
DUBOEF IN SUPPORT THEREOF**

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1441 and 1446, defendant Top Rank, Inc. ("Top Rank") hereby removes to this Court the state court action described below on the basis of this Court's original federal question jurisdiction under 28 U.S.C. section 1331 and diversity jurisdiction under 28 U.S.C. section 1332.

## DESCRIPTION OF ACTION

1. On April 8, 2014, plaintiff filed a lawsuit against defendant in the Superior Court of the State of California in and for the County of Riverside. The action is titled *Miguel Angel Garcia a.k.a. Mikey Garcia v. Top Rank, Inc., and DOES 1-10*, and bears case number RIC 1403445. The complaint alleges six causes of action. One cause of action asserts violations of 15 U.S.C. section 6301 *et seq.* (the Muhammad Ali Boxing Reform Act, or the "Ali Act"). The other causes of action seek declaratory relief. A true and correct copy of the complaint is attached as **Exhibit A**. All other documents filed in the state court lawsuit are attached as **Exhibit B**.

## SERVICE AND TIMELY REMOVAL

2. On April 11, 2014, plaintiff served Top Rank's registered agent for service of process with a copy of the summons and complaint. According to 28 U.S.C. section 1446(b), notice of removal must be filed by Monday, May 12, 2014. FED. R. CIV. P. 6(a)(1)-(3). Accordingly, Top Rank's Notice of Removal is timely.

3. Top Rank is not aware of the existence of or service on any "Doe" defendant; consequently, no consent to removal is required. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. W States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded on other grounds by statute*, 28 U.S.C. § 1441(e), *as recognized in Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 n.3 (9th Cir. 1988).

NOTICE OF REMOVAL

## JURISDICTION AND BASIS FOR REMOVAL

4.     This Court has original jurisdiction of this case under both 28 U.S.C. section 1331 and 28 U.S.C. section 1332.  Top Rank is therefore entitled to remove the case to this Court pursuant to the provisions of 28 U.S.C. sections 1441 and 1446.

### *Federal Question Jurisdiction*

5.     Plaintiff asserts a cause of action under the Ali Act, 15 U.S.C. section 6301 *et seq*.  This Court has original jurisdiction over that federal claim.  *See* 15 U.S.C. § 6309(d) ("Any boxer who suffers economic injury as a result of a violation of any provision of this chapter may bring an action in the appropriate *Federal* or State court and recover the damages suffered, court costs, and reasonable attorneys fees and expenses.") (emphasis added); *see also Hall v. Muhammad*, No. C-03-5095 CRB, 2004 WL 859330, at *1 (N.D. Cal. April 16, 2004) (noting the Ali Act "creates a private federal cause of action for boxers").

6.     Pursuant to 28 U.S.C. section 1367(a), this Court has supplemental jurisdiction over plaintiff's remaining causes of action for declaratory relief since all his causes of action arise out of the same common nucleus of facts as the Ali Act cause of action.  Plaintiff's causes of actions all arise out of and concern the exclusive promotional contract and contractual relationship between Top Rank and plaintiff and the parties' obligations under those agreements.  Plaintiff asserts that his exclusive promotional agreement with Top Rank has expired (counts four and five), the exclusive promotional agreement violates certain provisions of California's regulatory scheme (counts one, two, and three), and Top Rank violated its obligations under the exclusive promotional agreement and the Ali Act by allegedly failing to provide plaintiff with certain financial information related to his bouts (count six).

7.     As such, all six causes, including the declaratory relief causes of action, are properly tried in one action in this Court.  *See Bahrampour v. Lampert*,

2                          NOTICE OF REMOVAL

356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together."); *CVPartners Inc. v. Boben*, No. C 09-689 SI, 2009 WL 1331108, at *1 (N.D. Cal. May 13, 2009) ("[a] loose factual connection between the claims is generally sufficient" for supplemental jurisdiction); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1067 (E.D. Cal. 2005) (state claims need only "bear some relationship to the facts from which the federal claim arises"); *see also Zoove Corp. v. StarPound Corp.*, No. 10-CV-06131 EJD, 2012 WL 3580526, at *5 (N.D. Cal. Aug. 17, 2012) (declaratory relief claim was sufficiently related to federal claim to exercise supplemental jurisdiction).

### *Diversity Jurisdiction*

8. This Court also possesses original diversity jurisdiction under 28 U.S.C. section 1332(a) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Diversity of Citizenship. Plaintiff is a professional boxer. At the time of the filing of this action, plaintiff was and is now domiciled in the State of California. Plaintiff has made Moreno Valley, California his permanent home and at the time of the filing of the lawsuit intended to remain there permanently. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States."); *Avila v. Allegro Mfg., Inc.*, No. CV 11-0774 SJO, 2011 WL 6010044, at *2 (C.D. Cal. Nov. 28, 2011) (for diversity jurisdiction purposes, a "person is a 'citizen' of the state where he or she is domiciled. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.") (internal citations omitted); *see also* Ex. A ¶¶ 5, 10, 12 ("Plaintiff Miguel Garcia is an individual who, at all

1    relevant times, has resided in the State of California, County of Riverside . . .

2    Garcia was born and raised in Ventura, California. He is a graduate of the Ventura

3    County Police Academy and a Dean's List student at Oxnard College. He began

4    his amateur boxing career in California . . . Before each of his professional bouts,

5    Garcia trained exclusively in Riverside and Oxnard California.").

6        10.    Top Rank is professional boxing promoter. At the time of the

7    filing of this action, Top Rank was and is now a citizen of the State of Nevada. Top

8    Rank is a corporation organized and existing under the laws of the State of Nevada

9    with its principal place of business in Las Vegas, Nevada. *See* Ex. A ¶ 6. "[A]

10   corporation shall be deemed to be a citizen of every State and foreign state by

11   which it has been incorporated and of the State or foreign state where it has its

12   principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559

13   U.S. 77, 80-81 (2010) (same).

14       11.    Amount in Controversy. The amount in controversy in this

15   action satisfies the jurisdictional minimum. In measuring the amount in

16   controversy for purposes of diversity jurisdiction, "a court must assume that the

17   allegations of the complaint are true and assume that a jury will return a verdict for

18   the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v.*

19   *Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal

20   quotation marks omitted). "If removal of a civil action is sought on the basis of the

21   jurisdiction conferred by section 1332(a), the sum demanded in good faith in the

22   initial pleading shall be deemed to be the amount in controversy, except that the

23   notice of removal may assert the amount in controversy if the initial pleading seeks

24   nonmonetary relief." 28 U.S.C. § 1446(c)(2)(A)(i).

25       12.    Here, plaintiff claims to have suffered "economic injury in an

26   amount in excess of the jurisdictional minimum of" the state court—i.e., economic

27   injury in excess of $25,000—and seeks to recover an unspecified amount of

28   "damages, costs, and reasonable attorney fees for violation of the Ali Act." Ex. A

¶¶ 81-82. Plaintiff also seeks nonmonetary relief in the form of a judicial declaration that his promotional rights agreements with Top Rank are unenforceable and that plaintiff "has no further obligations to Top Rank under the Agreements." *See* Ex. A at p.18. Such a declaration, if granted, would deprive Top Rank of the exclusive right to promote plaintiff's future boxing matches and permit plaintiff to license his services to other promoters in the boxing industry.

13.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Courts in the Ninth Circuit thus assess the amount in controversy based on the "pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001); *see also Sekhon v. BAC Home Loans Serv. LP*, 519 Fed. Appx. 971, 972-73 (9th Cir. 2013).

14.    Plaintiff's request to invalidate and regain control of Top Rank's exclusive promotional rights and license those rights to others in the boxing industry involves more than $75,000. For example, under the parties' agreement Top Rank owns, among other things, the exclusive right to promote and broadcast on television plaintiff's professional boxing matches. Plaintiff contends that Top Rank no longer has the exclusive right to promote his boxing matches, including any championship title defense bouts. Ex. A ¶ 51. But the parties' contract specifically values those rights well in excess of $75,000. Paragraph 6(a) of the 2009 promotional rights agreement states that in exchange for Top Rank's "exclusive right and option to promote [plaintiff's] first five (5) title defenses", plaintiff's "minimum purse for each such Title Defense will be $75,000." *Id.* at p.44. Not surprisingly, plaintiff has received minimum purses of more than $75,000 for each of the nine boxing matches Top Rank promoted for him since March 2011. Declaration of Todd duBoef ("duBoef Declaration") ¶ 4. In fact, plaintiff has received more than $500,000 for each of his last three televised boxing matches, has

1  requested a purse for his next fight far in excess of $75,000 from Top Rank, and can

2  reasonably expect to earn a purse well in excess of $75,000 for his next fight from

3  another boxing promoter if, through this lawsuit, the Court declares invalid Top

4  Rank's exclusive promotional rights agreement with plaintiff. *Id.* ¶¶ 4-5. The

5  amount in controversy thus clearly exceeds $75,000.

6  **VENUE**

7         15.    Plaintiff filed the complaint in the Superior Court for the State

8  of California, County of Riverside, which is within this judicial district and

9  division. *See* 28 U.S.C. § 84(c)(1). This Court is thus the proper court for removal

10  under 28 U.S.C. sections 1441(a) and 1446(a).

11         16.    Top Rank reserves the right to seek to transfer venue pursuant to

12  the parties' agreements and applicable law.

13  **NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT**

14         17.    Promptly after the filing of this Notice, Top Rank will provide

15  written notice of removal to all adverse parties and the Superior Court and will file

16  a copy of this Notice of Removal with the Clerk of the Riverside Superior Court.

17  *See* 28 U.S.C. § 1446(d).

18  **CONCLUSION**

19         18.    Based on the foregoing, Top Rank hereby removes this action

20  from the Riverside Superior Court to this Court.

21

22  Dated:    May 8, 2014        DANIEL M. PETROCELLI

23  DAVID MARROSO
   HARRISON A. WHITMAN

24  O'MELVENY & MYERS LLP

25

26  By: _____

27  David Marroso
   Attorneys for Defendant
   Top Rank, Inc.

28

6                    NOTICE OF REMOVAL

## DECLARATION OF TODD DUBOEF

I, TODD DUBOEF, declare:

1.      I submit this declaration in support of Top Rank, Inc.'s Notice of Removal. The facts set forth herein are known to me of my own personal and firsthand knowledge and, if called as a witness, I could and would testify competently thereto.

2.      I am the President of Top Rank, Inc. ("Top Rank") and have worked for Top Rank and in the sport of boxing for nearly two decades.

3.      Since 1993, I have promoted hundreds of fighters and thousands of fights. I have personally negotiated just about every type of deal in the business, including individual bout agreements, promotional contracts, contracts with fight venues to host events, contracts with media outlets to broadcast fights, and contracts for sponsorship, to name just a few. I have also been involved in the planning, financial forecasting, and promotion of hundreds of boxing events, ranging from non-televised fights to mega-bout pay-per-views. While others assist me, I am responsible for and oversee the promotion of Top Rank events.

4.      Top Rank has worked hard and invested significant amounts of time, energy, and money to develop Mr. Garcia's career. Starting with Mr. Garcia's March 26, 2011 bout against Matt Remillard, Top Rank has promoted nine bouts for Mr. Garcia. For each of those bouts, Mr. Garcia and his management negotiated for and received a purse of more than $75,000 for Mr. Garcia. In Mr. Garcia's three most recent bouts, he and his management negotiated and received purses in excess of $500,000.

NOTICE OF REMOVAL

5.      Mr. Garcia has already requested a purse for his next fight far in excess of $75,000 from Top Rank.  Further, based on my experience in the industry, Mr. Garcia's performance in his recent fights, and his marketability, he and his management will almost certainly request and receive in excess of $75,000 for his next fight from another boxing promoter if, through this lawsuit, the Court declares invalid Top Rank's exclusive promotional rights agreement with Mr. Garcia.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 8th day of May 2014 at Las Vegas, Nevada.

Todd duBoef

8                                                  NOTICE OF REMOVAL

**EXHIBIT A**

ORIGINAL

By Fax

CRC 2.303

1  Bryan J. Freedman, Esq. (SBN 151990)
   Brian E. Turnauer, Esq. (SBN 214768)
2  FREEDMAN + TAITELMAN, LLP
   1901 Avenue of the Stars, Suite 500
3  Los Angeles, CA 90067
   Telephone: (310) 201-0005
4  Facsimile: (310) 201-0045
   E-mail: bfreedman@ftllp.com
5  bturnauer@ftllp.com

6  Attorneys for Plaintiff Miguel Ángel Garcia

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 08 2014

R. Mc Elyea

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF RIVERSIDE**

10

11  MIGUEL ÁNGEL GARCIA a.k.a MIKEY
    GARCIA, an individual,
12
          Plaintiff,
13
       vs.
14
    TOP RANK, INC., a Nevada corporation; and
15  DOES 1 through 10, inclusive,
16          Defendants.
17
18
19
20
21

Case No.: **RIC 1403445**

**COMPLAINT FOR**

1. **DECLARATORY RELIEF**

2. **DECLARATORY RELIEF**

3. **DECLARATORY RELIEF**

4. **DECLARATORY RELIEF**

5. **DECLARATORY RELIEF**

6. **VIOLATION OF THE**
   **MUHAMMAD ALI BOXING**
   **REFORM ACT (15 U.S.C. §6301** *et*
   *seq.*)

22  **INTRODUCTION**

23  Plaintiff Miguel Ángel Garcia, a.k.a. Mikey Garcia ("Garcia") hereby alleges as follows:

24  1.  This action arises out of defendant boxing promoter Top Rank, Inc.'s ("Top Rank")

25  unlawful attempt to exploit, own and permanently control the boxing career of current World Boxing

26  Organization's Super Featherweight Champion Garcia, as well as Top Rank's consistent violation of the

27  Muhammad Ali Boxing Reform Act, 15 U.S.C. §6301 *et seq.*, a federal statute enacted for the express

28  purpose of protecting professional boxers like Garcia from the exploitive practice of boxing promoters

EXHIBIT A
PAGE 1

1   like Top Rank.

2       2.      As it does with all of its up and coming fighters, Top Rank, Inc. insisted that Garcia
3   execute Top Rank's form Promotional Rights Agreement before representing him. This form
4   Promotional Rights Agreement improperly provides Top Rank the ability to extend the agreement
5   indefinitely, essentially rendering the contracting fighter an indentured servant of Top Rank.

6       3.      In this action, Garcia will demonstrate that Top Rank's Promotional Rights Agreement
7   violates numerous provisions of both California law and California's strong public policy to protect
8   California-based boxers from unscrupulous promoters and managers and from entering into improvident
9   arrangements and is, therefore, unenforceable. Garcia will also demonstrate that Top Rank violated the
10  Muhammad Ali Boxing Reform Act by failing to make required disclosures to Garcia concerning,
11  among other things, the amount of money it would make from each of Garcia's bouts, therefore entitling
12  Garcia to additional damages.

13      4.      Accordingly, Garcia will seek a declaration from the court that (1) he has no further
14  obligations to Top Rank under the Promotional Rights Agreement and, therefore, is free to schedule
15  future fights without any further interference from Top Rank and (2) he is entitled to actual damages as a
16  result of Top Rank's violation of the Muhammad Ali Boxing Reform Act.

17                          **JURISDICTIONAL ALLEGATIONS**

18      5.      Plaintiff Miguel Garcia is an individual who, at all relevant times, has resided in the State
19  of California, County of Riverside.

20      6.      Garcia alleges on information and belief that defendant Top Rank is a corporation,
21  organized and existing under the laws of the State of Nevada, which is licensed to do business and does
22  substantial business in the State of California. Its principal place of business is Las Vegas, Nevada. Top
23  Rank is in the business of arranging, presenting and promoting fights by professional boxers, including
24  Garcia. Top Rank also acts as a boxing manager for boxers, including Garcia.

25      7.      Garcia is ignorant of the true names and capacities of defendants sued herein as DOES 1
26  through 10, inclusive, and thereon sues these defendants by such fictitious names. Garcia alleges on
27  information and belief that such DOE defendants are liable to Garcia for the actions hereinafter set forth.
28  Garcia will amend this complaint to allege the true names and capacities of such DOE defendants when

                                    2
                                 Complaint

EXHIBIT A
PAGE 2

1 | ascertained.

2 |     8.    Garcia alleges on information and belief that, at all times relevant hereto, each defendant,

3 | including DOE defendants, was the agent, servant, employee and/or representative of each of the other

4 | defendants and, in doing the things herein alleged, was acting within the course and scope of, and

5 | pursuant to, said agency, services, employment and/or representation.

6 |     9.    Jurisdiction is proper in this Court pursuant to California *Code of Civil Procedure* §

7 | 410.10 because the alleged acts and omissions complained of herein took place in the County of

8 | Riverside. Venue for this action in the County of Riverside is proper pursuant to, without limitation,

9 | California *Code of Civil Procedure* § 395.5 in that, among other things, the contract at issue in this

10 | action was made and performed in California and the obligations or liabilities thereunder arise in

11 | California.

12 | **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13 | **A.**    **Mikey Garcia.**

14 |     10.    Garcia was born and raised in Ventura, California. He is a graduate of the Ventura

15 | County Police Academy and a Dean's List student at Oxnard College. He began his amateur boxing

16 | career in California at the age of fourteen where he went on to win the 2004 National Junior Golden

17 | Gloves Championship and the 2005 National Police Athletic League National Championships which

18 | were held in Oxnard, California.

19 |     11.    Garcia is the current World Boxing Organization ("WBO") Super Featherweight

20 | Champion. He is the former WBO, Ring Magazine, United States Boxing Association ("USBA"), North

21 | American Boxing Federation ("NABF") and North American Boxing Organization ("NABO")

22 | Featherweight Champion.

23 |     12.    Before each of his professional bouts, Garcia trained exclusively in Riverside and Oxnard

24 | California.

25 | **B.**    **The Promotional Rights Agreements.**

26 |     13.    On April 13, 2006, Garcia and Top Rank entered into a "Promotional Rights Agreement"

27 | (the "2006 Agreement"), whereby Top Rank was granted the exclusive right to promote Garcia's

28 | services as a professional boxer. A true and correct copy of the Agreement is attached hereto as Exhibit

3

Complaint

EXHIBIT A
PAGE 3

1 | "1" and incorporated herein by this reference. At all times, Garcia was located in California during the

2 | negotiation of the 2006 Agreement and when he signed the 2006 Agreement.

3      14.      Pursuant to Section 2(a) of the 2006 Agreement, the initial term of the agreement was

4 | to commence on April 13, 2006 for a period of five (5) years – until April 12, 2011 – unless terminated

5 | or further extended.

6      15.      On February 27, 2009, before the 2006 Agreement terminated, and before Garcia was

7 | permitted to enter into a new agreement with another promoter, Top Rank entered into a second

8 | "Promotional Rights Agreement" (the "2009 Agreement") with Garcia whereby Top Rank continued to

9 | have the exclusive right to promote Garcia's services as a professional boxer. A true and correct copy of

10 | the 2009 Agreement is attached hereto as Exhibit "2" and incorporated herein by this reference. At no

11 | time was there a break in Garcia's contractual obligations to Top Rank between the 2006 Agreement and

12 | the start of the 2009 Agreement and Garcia was not free to negotiate a new contract with any other

13 | boxing promoter. At all times, Garcia was located in California during the negotiation of the 2009

14 | Agreement and he was located in Riverside California when he signed the 2009 Agreement. (The 2006

15 | Agreement and 2009 Agreement may sometimes be collectively referred to herein as, the "Agreements")

16      16.      Pursuant to Section 2(a) of the 2009 Agreement, the initial term of the agreement was to

17 | commence on February 27, 2009 for a period of five (5) years – until February 27, 2014 – unless

18 | terminated or further extended.

19      17.      Section 23 of both the 2006 Agreement and the 2009 Agreement provides:

20              "In the event that at any time during the term of this Agreement and any

21              extensions thereto either the Promoter or the Fighter shall institute any
              action or proceeding against the other relating to the provisions of this

22              Agreement, or any default hereunder, then, the unsuccessful party in such
              action or proceeding agrees to reimburse the successful party for the

23              reasonable expenses of attorneys fees and the disbursements incurred
              therein by the successful party."

24      18.      Pursuant to Section 5(a) of the 2009 Agreement, Top Rank was also to have the right to

25 | promote Garcia's fights during the three (3) month period following any termination of the 2009

26 | Agreement or the expiration of the Term.

27      19.      On January 19, 2013, Garcia defeated Orlando Salido to become the WBO world

28 | featherweight champion.

4

Complaint

20. On June 15, 2013, in connection with a championship title defense bout promoted by Top Rank, Garcia was forced to vacate the WBO world featherweight title due to his failing to make weight. Garcia, however, defeated Juan Manuel Lopez by TKO in the fourth round.

21. On November 9, 2013, Garcia defeated Roman Martinez to become the WBO world super featherweight champion.

22. On January 25, 2014, in a championship title defense bout promoted by Top Rank, Garcia defeated Juan Carlos Burgos to retain his WBO world super featherweight title.

C. **California's Strong Public Policy in Regulating Boxing.**

23. Professional boxing is regulated in California by California *Business and Professions Code* sections18600 *et seq.* known as the Boxing Act (the "Boxing Act"). The Boxing Act grants the California Athletic Commission (the "Commission") the authority to adopt such "rules and regulations as may be necessary to enable it to carry out the laws related to boxing..." *Cal. Bus. & Prof. Code § 18611.* These regulations are known as the "Professional Boxing Rules" *Cal. Code Regs. tit. 4, § 201 et seq.* (the "Professional Boxing Rules").

24. The California Supreme Court has long held that the comprehensive regulatory scheme which California imposes on boxing reflects a public policy which is **"unusually strong."** One of the principal purposes of the Professional Boxing Rules and the Boxing Act is to protect boxers from improvident arrangements. The regulations governing the conduct of matches are designed to provide safeguards for the protection of persons engaging in the activity and to protect them against their own ill-advised participation in an unregulated match. The regulations governing boxing contracts have a similar purpose which is to safeguard boxers against the temptation to mortgage their futures.

25. When a manager or promoter reaches into California to transact business with a California boxer, **it must comply** with the licensing and contractual provisions of the Boxing Act and associated regulations.

///

///

///

///

5

Complaint

EXHIBIT A
PAGE 5

**D.** **Top Rank and the Agreements Violate the Boxing Act and Professional Boxing Rules Governing Boxing "Managers."**

    **1.** **Top Rank violated the Professional Boxing Act and Professional Boxing Rules by Improperly Acting as Garcia's Unlicensed Manager.**

26.    *Section 18642* of the Boxing Act provides that "No such person shall participate in any [boxing] contest or serve in the capacity of a ... manager, trainer, or second, unless he or she has been licensed for that purpose by the commission." *Cal. Bus. & Prof. Code § 18642.*

27.    *Section 18628* of the Boxing Act defines a boxing "manager" as "any person who does any of the following:"

> "(a) By contract, agreement, or other arrangement with any person, undertakes or has undertaken to represent in any way the interest of any professional boxer, or martial arts fighter in procuring, or with respect to the arrangement or conduct of, any professional contest in which the boxer or fighter is to participate as a contestant....
>
> (b) Directs or controls the professional boxing or martial arts activities of any professional boxer or martial arts fighter.
>
> (c) Receives or is entitled to receive more than 10 percent of the gross purse of any professional boxer or martial arts fighter for any services relating to such person's participation in a professional contest.
>
> (d) Is an officer, director, shareholder, or member of any corporation or organization which receives, or is entitled to receive more than 10 percent of the gross purse of any professional boxer or martial arts fighter for any services relating to the person's participation in a professional contest."

28.    Top Rank is not a licensed boxing manager in California.

29.    Top Rank improperly acted as Garcia's boxing "manager" because it represented Garcia's interests in procuring and/or arranging boxing matches and directed or controlled his boxing activities within the meaning of *section 18642* of the Boxing Act, by engaging in the following acts: (i) arranging Garcia's bouts; (ii) selecting "in its discretion" the date of each bout; (iii) selecting "in its discretion" the site of each bout; (iv) determining the financial arrangements of Garcia's bouts; (v) receiving or being entitled to receive more than ten (10%) percent of Garcia's gross purse as a professional boxer; and (vi) selecting Garcia's opponents.

6
Complaint

1   **2.   The Agreements Violate the Professional Boxing Rules.**

2   30.   The Professional Boxing Rules require that contracts between boxers and managers (1)

3   be executed on the Commission's forms; (2) kept on file with the Commission (original contract); (3)

4   that the parties to management contracts appear at the same time before the Commission; (4) and receive

5   its written approval for their contract; (5) that managers shall not be allowed to participate in more than

6   33.3% of the boxer's gross earnings; and (6) that the term of the management agreements shall not

7   exceed five years. *See Cal. Code Regs. tit. 4, §§ 220-22.*

8   31.   Garcia alleges on information and belief that (1) a contract between a boxer and a

9   manager "becomes null and void if at any time during its term the manager ..., after notice from the

10   commission, is not licensed by the commission." *Cal. Code Regs. tit. 4, §§ 221(a);* (b) a contract

11   between a boxer and a manager "is not valid" unless both parties appear at the same time before the

12   commission or a commission representative and it receives written approval; and (e) "no contract shall

13   be approved between a manager and boxer... for a period exceeding five years." *Cal. Code Regs. tit. 4,*

14   *§§ 222.*

15   32.   Garcia alleges on information and belief, that the Agreements violate *Cal. Code Regs. tit.*

16   *4 §§ 220-22* as they relate to "managers" because (1) they were not executed on the Commission's

17   forms; (2) were not filed with the Commission; (3) were not approved in writing (4) after a joint

18   appearance by the parties before the Commission; (5) provided Top Rank with over 33.3% of Garcia's

19   gross revenue from boxing; and (6) exceed five years in length.

20   **E.   Top Rank and the Agreements Violate the Boxing Act and Professional Boxing**

21   **Rules Governing "Promoters."**

22   33.   *Section 18622* of the Boxing Act defines a "club" and "promoter" to "mean a

23   corporation, partnership, association, individual, or other organization which conducts, holds, or gives a

24   boxing or martial arts contest, match, or exhibition." *Cal. Bus. & Prof. Code § 18622.*

25   34.   The Professional Boxing Rules require that contracts between boxers and promoters (and

26   "licensed clubs") be (1) be executed on the Commission's forms; (2) kept on file with the Commission

27   (original contract); (3) that the parties to promoter contracts appear at the same time before the

28   Commission; (4) and receive its written approval for their contract; (5) that the term of such contracts

7
Complaint

1  not exceed five years. *See Cal. Code Regs. tit. 4, §§ 220-22.*

2  35.   Garcia alleges on information and belief, that (1) a contract between a boxer and a

3  promoter "becomes null and void if at any time during its term the… promoter, after notice from the

4  commission, is not licensed by the commission." *Cal. Code Regs. tit. 4, §§ 221(a);* (b) a contract

5  between a boxer and a promoter "is not valid" unless both parties appear at the same time before the

6  commission or a commission representative and it receives written approval; and (c) "no contract shall

7  be approved between a… promoter and boxer for a period exceeding five years." *Cal. Code Regs. tit. 4,*

8  *§§ 222.*

9  36.   Garcia further alleges on information and belief, that Top Rank is a licensed "promoter"

10  with the Commission and is therefore a "promoter" as defined in *Section 18622* of the Boxing Act.

11  37.   Garcia alleges on information and belief, that the 2006 and 2009 Agreements violate *Cal.*

12  *Code Regs. tit. 4 §§ 220-22* as they related to "promoters" because (1) they were not executed on the

13  Commission's forms; (2) were not filed with the Commission; (3) were not approved by the

14  Commission; (4) after a joint appearance by the parties before the Commission; and (5) exceed five

15  years in length.

16  **F.    The Agreements Violate California *Labor Code Section 2855(a)* for Exceeding the**

17  **Seven-Year Maximum Term for Personal Service Contracts.**

18  38.   California Labor Code section 2855(a) provides, in pertinent part:

19  "[A] contract to render personal service … may not be enforced against the
20  employee beyond seven years from the commencement of service under it.
   Any contract, otherwise valid, to perform or render service of a special,
21  unique, unusual, extraordinary, or intellectual character, which gives it
   peculiar value and the loss of which can not be reasonably or adequately
22  compensated in damages in an action at law, may nevertheless be enforced
   against the person contracting to render the service, for a term not to
23  exceed seven years from the commencement of service under it."

24  39.   Garcia alleges on information and belief, that the 2006 Agreement and 2009 Agreement

25  were part of a continuous and uninterrupted contractual relationship between Garcia and Top Rank from

26  April 13, 2006 through February 27, 2014 in violation of California *Labor Code section* 2855(a).

27  **G.    Top Rank Violated The Muhammad Ali Boxing Reform Act.**

28  40.   The Muhammad Ali Boxing Reform Act (the "Ali Act") requires that prior to receiving

8
Complaint

EXHIBIT A
PAGE 8

1   any payment or any other consideration for staging a professional boxing match, a promoter such as Top

2   Rank must disclose to the boxer it promotes the income that it is to receive for the bout. 15 U.S.C.

3   §6307e(b)(1) (quoted more fully below)(the "§6307e(b)(1) Disclosures").

4       41.     The Ali Act also requires that prior to receiving any payment or any other consideration

5   for staging a professional boxing match, a promoter such as Top Rank must disclose to the boxer it

6   promotes, all fees, charges, and expenses that will be assessed by or through the promoter on the boxer

7   pertaining to the event, including any portion of the boxer's purse that the promoter will receive, and

8   training expenses. 15 U.S.C. §6307e(b)(2) (the "§6307e(b)(2) Disclosures).

9       42.     In the absence of providing the required §6307e(b)(1) and §6307e(b)(2) Disclosures to

10   Garcia, Top Rank is prohibited by the Ali Act from receiving consideration for a Garcia bout.

11       43.     On multiple occasions, the last of which occurred in Garcia's most recent fight, Top Rank

12   failed to provide Garcia with the required disclosures and directly violated the Ali Act by accepting

13   payment for bouts in which Garcia participated. For example, in violation of the Ali Act, Top Rank

14   failed to make the §6307e(b)(1) Disclosures and §6307e(b)(2) Discloses to Garcia in connection with his

15   boxing matches, including but not limited to the following bouts:

16       a.  On July 16, 2009, when Garcia defeated Anthony Napunyi;

17       b.  On August 29, 2009, when Garcia defeated Carlos Rivera;

18       c.  On December 19, 2009, when Garcia defeated Yogli Herrera;

19       d.  On January 30, 2010, when Garcia defeated Arturo Gomez;

20       e.  On April 3, 2010 when Garcia defeated Tomas Villa;

21       f.  On May 8, 2010, when Garcia defeated Pedro Navarrete;

22       g.  On August 14, 2010, when Garcia defeated Cornelius Lock;

23       h.  On December 4, 2010, when Garcia defeated Olivier Lontehi in Anaheim California;

24       i.  On March 26, 2011, when Garcia defeated Matt Remillard to win the NABF and WMO

25           NABO Featherweight Titles;

26       j.  On June 4, 2011, when Garcia defeated Rafael Guzman in Los Angeles, California;

27       k.  On October 22, 2011, when Garcia defeated Juan Carlos Martinez;

28       l.  On March 10, 2012, when Garcia defeated Bernabe Concepcion;

9
Complaint

EXHIBIT A
PAGE 9

1         m. On January 19, 2013, when Garcia defeated Orlando Salido to become the WBO world

2              featherweight champion;

3         n. On June 15, 2013, when Garcia defeated Juan Manuel Lopez;

4         o. On November 9, 2013, when Garcia defeated Roman Martinez to become the WBO

5              world super featherweight champion; and

6         p. On January 25, 2014, when Garcia defeated Juan Carlos Burgos to retain his WBO world

7              super featherweight title.

8        44.    The Ali Act also makes it unlawful for a promoter to have a direct or indirect financial

9  interest in the management of a boxer. 15 U.S.C. §6308(b)(1)(A).

10      45.    The Ali Act also makes it unlawful for a manager to have a direct or indirect financial

11  interest in the promotion of a boxer. 15 U.S.C. §6308(b)(1)(B)(i).

12      46.    Top Rank has unlawfully taken a financial interest in the promotion and management of

13  Garcia's bouts.

14                         **FIRST CAUSE OF ACTION – DECLARATORY RELIEF**

15         **Violation of the California Boxing Act and Professional Boxing Rules**

16                (By Garcia against Top Rank and Does 1 through 10)

17      47.    Garcia hereby incorporates by reference each and every allegation set forth in Paragraphs

18  1 through 48 as if set forth in full herein.

19      48.    Top Rank represented Garcia's interests as a manager by the fact that it (1) procured or

20  arranged fights for him; (2) directed or controlled his boxing activities and (3) under the Agreements,

21  was entitled to receive more than ten (10%) percent of Garcia's gross purse as a professional boxer.

22  However, Top Rank was not a licensed manager in California.

23      49.    The Agreements are illegal, void and unenforceable as agreements between a boxing

24  "manager" and boxer because they do not comply with Boxing Act and Professional Boxing Rules on

25  the following grounds, among others:

26              a.    Top Rank was an unlicensed "manager" in violation of *Cal. Bus. & Prof. Code §*

27  *18642.*

28              b.    The Agreements were not drafted on forms approved by the Commission as

10

Complaint

1    required by *Cal. Code Regs. tit. 4 §220*;

2            c.      The Agreements were not filed with the Commission as required by *Cal. Code*

3    *Regs. tit. 4 §221(a)*;

4            d.      Top Rank and Garcia did not appear at the same time before the Commission or a

5    Commission representative and receive written approval of the Agreements as required by *Cal. Code*

6    *Regs. tit. 4 §222*;

7            e.      The term of the Agreements each exceeds five years in length by their terms in

8    violation of *Cal. Code Regs. tit. 4 §222;*

9            f.      The Agreements provided Top Rank with over 33.3% of Garcia's gross revenue

10    from boxing in violation of *Cal. Code Regs. tit. 4 §§ 221(b);* and

11            g.      The term of the Agreements each exceed five years in length in violation of *Cal.*

12    *Code Regs. tit. 4 §222* as a result of Section 5(b) of the 2006 Agreement, section 5(c) of the 2009

13    Agreement and Section 6 of the 2006 and 2009 Agreements which state:

14          "In the event that at any time during the Term of this Agreement and any
          extension thereof, Fighter shall be designated as the highest-ranked
15          designated mandatory contender in any weight class category by either the
          WBC, WBA, IBF or WBO, then the Term of this Agreement shall be
16          extended for <u>an additional 12-month</u> period in order to provide Promoter
          with the opportunity to arrange and promote a Championship Challenge
17          Bout for Fighter."

18    See 2006 Agreement, section 5(b) and 2009 Agreement, section 5(c) (emphasis added).

19          "If during the term of this Agreement and any extension thereof and the
          <u>three (3) month period following termination</u> of this Agreement for any
20          reason or expiration of the Term, Fighter shall be recognized as world
          champion in any weight class, either by the WBC, WBA, IBF or WBO (or
21          an equivalent world sanctioning body), Promoter shall have the exclusive
          right and option to promote the Fighter's first five (5) title defenses or
22          Bouts subject to the following conditions . . .

23          (c)      The Term of this Agreement shall be <u>extended</u> for such period of
          time as is required for presentation of the five (5) title defenses or bouts;
24          however such period of time shall not exceed <u>thirty (30) months</u>."

25    See 2006 and 2009 Agreement, section 6 (emphasis added).

26          50.      The Agreements are illegal, void and unenforceable as agreements between a "promoter"

27    and boxer because they do not comply with Boxing Act and Professional Boxing Rules on the following

28    grounds, among others:

11
Complaint

1          a.     The Agreements were not drafted on forms approved by the Commission as

2 required by *Cal. Code Regs. tit. 4 §220*;

3          b.     The Agreements were not filed with the Commission as required by *Cal. Code*

4 *Regs. tit. 4 §221(a)*;

5          c.     Top Rank and Garcia did not appear at the same time before the Commission or a

6 Commission representative and receive written approval of the Agreements as required by *Cal. Code*

7 *Regs. tit. 4 §222*; and

8          d.     The term of the Agreements exceeds five years in length in violation of *Cal. Code*

9 *Regs. tit. 4 §222*, as set forth above.

10        51.     Garcia alleges on information and belief that an actual controversy has arisen and now

11 exists between Garcia, on the one hand, and Top Rank and Does 1 through 10, and each of them, on the

12 other hand, in that:

13     (a)     Garcia contends that (i) the Agreements, and each of them, are illegal and/or void and

14 unenforceable because they violate the Boxing Act (*Cal. Bus. & Prof. Code § 18642*) and the

15 Professional Boxing Rules (*Cal. Code Regs. tit. 4 §220-*222); (ii) the Garcia has no further obligations to

16 Top Rank under the Agreements.

17     (b)     Garcia alleges on information and belief that on the other hand, Top Rank contends that

18 the 2009 Agreement (i) is in full force and effect; (ii) enforceable for up to 30 months after May 27,

19 2014 and (v) Top Rank has the exclusive right to promote Garcia's fights, whether challenging for a

20 championship or not, through and including May 27, 2015.

21        52.     Garcia desires a judicial declaration as to the foregoing issues. A judicial declaration is

22 necessary at this time so as to determine the rights of the parties under the Agreements, specifically, the

23 2009 Agreement and with respect to the management and promotion of Garcia's boxing career, and so

24 as to avoid any future disputes or legal action related thereto.

25                   **SECOND CAUSE OF ACTION – DECLARATORY RELIEF**

26                     **Violation of California *Labor Code* Section 2855(a)**

27                  (By Garcia against Top Rank and Does 1 through 10)

28        53.     Garcia hereby incorporates by reference each and every allegation set forth in Paragraphs

1  1 through 54 as if set forth in full herein.

2      54.    Garcia alleges on information and belief that the Agreements are essentially one

3  continuous agreement for personal services, covering a period in excess of seven years in violation of

4  Cal. *Labor Code* § 2855(a) and, therefore, are illegal, unenforceable and/or void as a matter of law.

5      55.    Garcia alleges on information and belief that an actual controversy has arisen and now

6  exists between Garcia, on the one hand, and Top Rank and Does 1 through 10, and each of them, on the

7  other hand, in that:

8      (a)    Garcia contends that Agreements violate California *Labor Code* section 2855(a) and are

9  therefore void and/or unenforceable.

10     (b)    Garcia alleges on information and belief that on the other hand, Top Rank contends that

11 the 2009 Agreement is in full force and effect; (ii) enforceable for up to 30 months after May 27, 2014;

12 and (iii) Top Rank has the exclusive right to promote Garcia's fights, whether challenging for a

13 championship or not, through and including May 27, 2015.

14     56.    Garcia desires a judicial declaration as to the foregoing issues. A judicial declaration is

15 necessary at this time so as to determine the rights of the parties under the Agreements, specifically, the

16 2009 Agreement and with respect to the management and promotion of Garcia's boxing career, and so

17 as to avoid any future disputes or legal action related thereto.

18            **THIRD CAUSE OF ACTION – DECLARATORY RELIEF**

19            **Illegal Restraint on Competition in Violation of Public Policy**

20            (By Garcia against Top Rank and Does 1 through 10)

21     57.    Garcia hereby incorporates by reference each and every allegation set forth in Paragraphs

22 1 through 58 as if set forth in full herein.

23     58.    Section 7(a) of the 2009 Agreement provides:

24            "Other than the bouts provided for in this Agreement, Fighter may
              contract with other promoters to engage in boxing matches, athletic
25            contests or exhibitions during the Term of this Agreement; however, any
              boxing matches, athletic contests, or exhibitions arranged by promoters
26            other than Top Rank shall not be telecast on any television network, cable
              television network, pay per view telecast, closed circuit or television
27            medium; and such other bouts may not be scheduled to take place less
              than ninety (90) days prior to or after a scheduled Top Rank promoted
28            bout involving Fighter."

                                    13
                                 Complaint

59.     To the extent Section 7(a) limits Garcia's ability to contract with other promoters and/or to schedule fights against top contenders not represented by Top Rank, the 2009 Agreement constitutes an illegal restraint on competition in violation of public policy.

60.     Garcia alleges on information and belief that an actual controversy has arisen and now exists between Garcia, on the one hand, and Top Rank and Does 1 through 10, and each of them, on the other hand, in that:

(a)     Garcia contends that (i) the 2009 Agreements is an illegal restrain on competition in violation of California public policy and is therefore illegal and/or void and/or unenforceable; (ii) Top Rank does not have any right to promote Garcia's fights; and (iii) Garcia has no further obligations to Top Rank under the Agreements.

(b)     Garcia alleges on information and belief that on the other hand, Top Rank and Does 1 through 10, and each of them, contend that the 2009 Agreement is (i) in full force and effect; (ii) enforceable up to 30 months after May 27, 2014; and (iii) Top Rank has the exclusive right to promote Garcia's fights, whether challenging for a championship or not, through and including May 27, 2015.

61.     Garcia desires a judicial declaration that the Agreements are unenforceable as a matter of law and/or public policy for the reasons set forth herein. A judicial declaration is necessary to determine the rights of the parties under the Agreements and with respect to the management and promotion of Garcia's boxing career, and so as to avoid any future disputes or legal action related thereto.

## FOURTH CAUSE OF ACTION – DECLARATORY RELIEF

### 2009 Agreement Expired of its Own Terms – No Twelve-Month Extension

(By Garcia against Top Rank and Does 1 through 10)

62.     Garcia hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 63 as if set forth in full herein.

63.     Section 5(c) of the 2009 Agreement provides:

> "In the event that at any time during the Term of this Agreement and any extension thereof, Fighter shall be designated as the highest-ranked designated mandatory contender in any weight class category by either the WBC, WBA, IBF or WBO, then the Term of this Agreement shall be extended for an additional 12-month period in order to provide Promoter with the opportunity to arrange and promote a Championship Challenge Bout for Fighter."

14

Complaint

EXHIBIT A
PAGE 14

1    64.    Garcia alleges on information and belief that he was ranked as the highest-ranked

2  designated mandatory contender in the featherweight class by the IBF in or about August 2010. Garcia

3  further alleges on information and belief that he was ranked as the highest-ranked designated mandatory

4  contender in the featherweight class category by the WBA and WBO in or about March 2012.

5    65.    The intent of Section 5(c) of the 2009 Agreement was to provide up to 12 months beyond

6  the initial term of the 2009 Agreement to allow Top Rank the opportunity to promote one championship

7  challenge bout for Garcia. There would be no need to extend any period of time, let alone 12 months if

8  Top Rank had the opportunity to promote at least one championship challenge bout for Garcia.

9    66.    Top Rank promoted Garcia's championship bouts against Orlando Salido on January 19,

10  2013 and Roman Martinez on November 9, 2013. As a result, the Section 5(c) was satisfied. Therefore,

11  there is no reason to extend the term of the 2009 Agreement beyond May 27, 2014.

12    67.    Garcia alleges on information and belief that an actual controversy has arisen and now

13  exists between Garcia, on the one hand, and Top Rank and Does 1 through 10, and each of them, on the

14  other hand, in that:

15    (a)    Garcia contends that (i) the 2009 Agreement expired of its own terms; (ii) alternatively

16  the 2009 Agreement expires on May 27, 2014; and (iii) Garcia will have no further obligations to Top

17  Rank under the 2009 Agreement after May 27, 2014.

18    (b)    Garcia alleges on information and belief that on the other hand, Top Rank contends that

19  (i) the 2009 Agreement is in full force and effect; (ii) pursuant to Section 5(c), the 2009 Agreement was

20  extended for 12 months beyond May 27, 2014; and (iii) Top Rank has the exclusive right to promote

21  Garcia's fights, whether challenging for a championship or not, through and including May 27, 2015.

22                    **FIFTH CAUSE OF ACTION – DECLARATORY RELIEF**

23                              **No Thirty-Month Extension**

24                    (By Garcia against Top Rank and Does 1 through 10)

25    68.    Garcia hereby incorporates by reference each and every allegation set forth in Paragraphs

26  1 through 69 as if set forth in full herein.

27    69.    Section 6 of the 2009 Agreement provides, in relevant part:

28          "If during the term of this Agreement and any extension thereof and the
           three (3) month period following termination of this Agreement for any

                                      15
                                   Complaint

1    reason or expiration of the Term, Fighter shall be recognized as world
     champion in any weight class, either by the WBC, WBA, IBF or WBO (or
2    an equivalent world sanctioning body), Promoter shall have the exclusive
     right and option to promote the Fighter's first five (5) title defenses or
3    Bouts subject to the following conditions . . .

4        (c)    The Term of this Agreement shall be extended for such period of
     time as is required for presentation of the five (5) title defenses or bouts;
5    however such period of time shall not exceed thirty (30) months."

6    70.    The language of Section 6(c) of the 2009 Agreement was intended to allow for an

7    extension of the term of the 2009 Agreement only for the purpose of allowing Top Rank time to promote

8    a limited number of fights wherein Garcia is either (a) defending a championship title; or (b) fighting in

9    an unsanctioned fight while still maintaining the position of champion.

10   71.    The maximum weight limit to fight as a super featherweight is 130 lbs. Garcia, however,

11   currently weighs 151 lbs. Not only will he not be able to drop sufficient weight to continue fighting as a

12   super featherweight (130 lbs. and under), it would be a significant health risk for Garcia to attempt to do

13   so. As such, Garcia will be required to vacate his WBO super featherweight championship title and

14   continue fighting in a higher weight class.

15   72.    As a result of the foregoing, Garcia will not have any title to defend, and will not

16   maintain the position of champion. It will be impossible for Top Rank to promote any title defenses or

17   bouts pursuant to Section 6 within 30 months of May 27, 2014.

18   73.    Garcia alleges on information and belief that an actual controversy has arisen and now

19   exists between Garcia, on the one hand, and Top Rank on the other hand, in that:

20   (a)    Garcia contends that (i) Section 6(c) of the 2009 Agreement is limited to the promotion

21   of fights wherein Garcia is either (A) defending a championship title; or (B) fighting in an unsanctioned

22   fight while still maintaining the position of champion and (ii) Section 6(c) of the 2009 Agreement has

23   been rendered impossible through no fault of Garcia.

24   (b)    Garcia alleges on information and belief that on the other hand, Top Rank and Docs 1

25   through 10, and each of them, contend that (i) pursuant to Section 6(c), the 2009 Agreement may be

26   extended for up to 30 months; (ii) the 2009 Agreement is in full force and effect; and (iii) Top Rank

27   have the exclusive right to promote any and all of Garcia's fights, regardless of his having, or not

28   having, a championship title, for up to 30 months after May 27, 2014.

16

Complaint

1   74.   Garcia desires a judicial declaration as to the foregoing issues. A judicial declaration is

2   necessary at this time so as to determine the rights of the parties under the 2009 Agreement and with

3   respect to the management and promotion of Garcia's boxing career, and so as to avoid any future

4   disputes or legal action related thereto.

5   **SIXTH CAUSE OF ACTION -- VIOLATIONS OF THE MUHAMMAD ALI BOXING ACT**

6   (By Garcia against Top Rank and Does 1 through 10)

7   75.   Garcia hereby incorporates by reference each and every allegation set forth in Paragraphs

8   1 through 76 as if set forth in full herein.

9   76.   The Ali Act provides, in relevant part, that:

10  "A promoter shall not be entitled to any compensation directly or
    indirectly in connection with a boxing match until it provides to the boxer
11  it promotes: (1) the amounts of compensation or consideration that a
    promoter has contracted to receive from such match; (2) all fees, charges,
12  and expenses that will be assessed by or through the promoter on the
    boxer pertaining to the event, including any portion of the boxer's purse
13  that the promoter will receive, and training expenses; and (3) any
    reduction in purse contrary to a previous agreement between the promoter
14  and the boxer or a purse bid held for the event." See $6307e(b)(1)-(3)
15

16  77.   As alleged above, Top Rank repeatedly failed to provide the required §6307e(b)(1)

17  Disclosures and §6307e(b)(2) Discloses to Garcia, yet Top Rank nonetheless accepted compensation for

18  Garcia's boxing matches in violation of §6307e(b)(1)-(2) of the Ali Act.

19  78.   Garcia suffered economic injury in an amount in excess of the jurisdictional minimum of

20  this Court, according to proof at trial, as a result of Top Rank's repeated failure to receive the required

21  disclosures.

22  79.   One example of Garcia's economic injuries is his inability to negotiate a fair rate of

23  compensation from Top Rank because he was not provided with the financial information from past

24  fights or up and coming fights. This information that would have allowed for informed financial

25  discussions, and to which he was legally entitled.

26  80.   Top Rank also has a financial interest in the management and promotion of Garcia in

27  violation of 15 U.S.C. §6308(b)(1)(A) and 15 U.S.C. §6308(b)(1)(B)(i).

28  81.   As a result of Top Rank's violation of 15 U.S.C. §6308(b)(1)(A) and 15 U.S.C.

17

Complaint

1  §6308(b)(1)(B)(i), Garcia suffered economic injury in an amount in excess of the jurisdictional

2  minimum of this Court, according to proof at trial.

3      82.    Under 15 U.S.C. §6309(d), Garcia has a private right of action for recovery of damages,

4  costs, and reasonable attorney fees for violations of the Ali Act.

5      WHEREFORE, Garcia prays for judgment against Top Rank and Does 1 through 10, and each of

6  them, as follows:

7  On Garcia's First Cause of Action for Declaratory Relief:

8      1.    For a judicial declaration that (i) the Agreements violate the Boxing Act and Professional

9  Boxing Rules and are therefore void and/or illegal and/or unenforceable; (ii) Garcia has no further

10  obligations to Top Rank under the Agreements.

11  On Garcia's Second Cause of Action for Declaratory Relief:

12      1.    For a judicial declaration that the Agreements violate California *Labor Code* section

13  2855(a) and are therefore illegal and/or void and unenforceable.

14  On Garcia's Third Cause of Action for Declaratory Relief:

15      1.    For a judicial declaration that (i) the 2009 Agreements is an illegal restrain on

16  competition in violation of California public policy and therefore illegal and/or void and unenforceable;

17  (ii) Top Rank does not have any right to promote Garcia's fights; and (iii) Garcia has no further

18  obligations to Top Rank under the Agreements.

19  On Garcia's Fourth Cause of Action for Declaratory Relief:

20      1.    For a judicial declaration that (i) the 2009 Agreement has expired of its own terms; (ii)

21  alternatively, the 2009 Agreement expires on May 27, 2014; and (iii) Garcia will have no further

22  obligations to Top Rank after May 27, 2014.

23  On Garcia's Fifth Cause of Action for Declaratory Relief:

24      1.    For a judicial declaration that (i) Section 6(c) of the 2009 Agreement is limited to the

25  promotion of fights wherein Garcia is either (A) defending a championship title; or (B) fighting in an

26  unsanctioned fight while still maintaining the position of champion; (ii) Section 6(c) of the 2009

27  Agreement has been rendered impossible through no fault of Garcia.

28

18
Complaint

EXHIBIT A
PAGE 18

1       <u>On Garcia's Sixth Cause of Action for Violation of the Muhammad Ali Boxing Reform Act</u>:

2       1.     An award to Garcia in the amount of his damages, statutory penalties, attorneys' fees and

3 expenses, including filing fees and other reasonable costs incurred pursuant to this action.

4       <u>On All Causes of Action</u>:

5       1.     For attorneys' fees and costs against to the extent permitted under the 2006 Agreement

6 and/or 2009 Agreement; and

7       2. For such other and further relief as the court may deem proper.

8 Dated: April 8, 2014                 FREEDMAN + TAITELMAN, LLP

9

10                             Bryan J. Freedman,

11                             Brian E. Turnauer,
                            Attorneys for Plaintiff Manuel Ángel Garcia

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19
Complaint

EXHIBIT A
PAGE 19

# EXHIBIT 1

## TOP RANK INC.

## PROMOTIONAL RIGHTS AGREEMENT

This Agreement dated as of the 13th day of April, 2006 between TOP RANK, INC., a
Nevada corporation with offices at 3980 Howard Hughes Parkway, Las Vegas, Nevada 89109,
(hereinafter called "Promoter") and Miguel "Mikey" Garcia, with an address at Riverside, Oxnard
California (hereinafter called "Fighter").

WHEREAS, Fighter wishes to obtain certain promotional services and commitments of
Promoter to further Fighter's career as a professional boxer, and Promoter is willing and able to
provide the promotion of a number of bouts for Fighter upon the terms and conditions set forth
below.

NOW, THEREFORE, in consideration for the mutual promises set forth herein, the
parties agree as follows:

1.    Grant of Promotion Rights.

Fighter hereby grants to Promoter the exclusive right to promote those
professional boxing contests to be engaged in by Fighter and to be promoted by Promoter as
provided in this Agreement, during the term of this Agreement and any extension thereof.
Promoter shall promote such bouts subject to the terms and conditions set forth herein, and the
terms of this Agreement shall apply to championship title bouts as well as non-title bouts. Such
promotional rights shall include all exclusive rights required to stage and sell tickets of
admission to such boxing contests as well as the right to exploit and market all ancillary rights
thereto, · including, without limitation of the foregoing, all exclusive worldwide rights to
broadcast, telecast, exhibit, transmit, record and film such bouts for exhibition on a live or

NFNY2; #819750 v.1 #00039-0000 03/10/2005

delayed basis in any and all media (whether now existing or hereafter devised) throughout the universe in perpetuity, including, without limitation of the foregoing, all worldwide television rights, including, without limitation of the foregoing, the unlimited and unrestricted right to telecast the bouts referred to herein by means of live or delayed free over-the-air, cable, subscription, master antenna, multi-point or closed circuit television; pay-per-view television by means of terrestrial, cable, over-the-air, satellite, analog and digital transmission as well as Video On Demand, Near Video On Demand and HDTV, PDAs and other multimedia services; radio; films and tapes, for exhibition in all media and in all gauges, whether for theatrical exhibition or for sale, lease or license for home use, including audio and audio-visual cassettes and discs, CD-ROM, digital video devices ("DVD"), all forms of internet on-line services or delivery, games and toys, and the unlimited right to deal with any or all of the foregoing, and to obtain copyright or similar protection in the United States and all other countries of the world where such protection is available in the name of Promoter or Promoter's nominees or assignees and all other rights, privileges, benefits, matters and things incident to or arising out of all or any of the foregoing, all in such manner as Promoter in its sole discretion shall determine. Further, Fighter grants to Promoter all commercial and non-commercial advertising uses of the bouts and portions thereof and Fighter's name and image, with respect to which Fighter hereby waives his personal right of privacy. Fighter grants to Promoter the right to use in any medium the name, likeness and biographical material of Fighter, and his trainers and seconds, for the purpose of advertising and promoting the bouts and for advertising and promoting the Ancillary Rights, as defined herein, including souvenir programs sold in connection with the bouts or the sale of said programs at any time thereafter and including institutional advertising by the site and Promoter's television licensees for the bouts. Promoter and its licensees or assignees shall have the right to

2

HFNYZ: #819750 v.1 #00039-0000 03/10/2005

use the name of Fighter, his photograph or other likeness, on commercial and merchandising tie-ups and advertisements, banners, buttons, posters, T-shirts, clothing (such as hats and jackets), jewelry and other souvenir items, and all similar products, but only in connection with and expressly related to the bouts and the Ancillary Rights. All of the rights, privileges and benefits granted by Fighter to Promoter pursuant to this paragraph 3 are hereinafter referred to as the "Ancillary Rights."

2.      Term.

        (a)      The term of this Agreement (the "Term") shall commence on the date hereof and shall continue for the period through April 12, 2011 unless terminated sooner or extended further pursuant to a specific provision of this Agreement.

        (b)      Subject to the provisions of Section 3 of this Agreement, and in addition to Promoter's right to terminate this Agreement pursuant to Section 2(c) of this Agreement, in the event that Fighter shall fail, for any reason whatsoever (other than a disability or postponement as provided in Section 11 of this Agreement) to engage in the minimum number of bouts as offered by Promoter during the Term, or to engage in any bout with an opponent approved by Fighter, Promoter shall have the right to terminate this Agreement without further liability or obligation to Fighter, except for the payment to Fighter of purses for bouts which have been completed during the period prior to such termination pursuant to this Agreement.

        (c)      In the event that at any time during the Term Fighter shall fail to have been declared the winner of any professional boxing match, for any reason, by the official boxing or athletic commission with jurisdiction over such bout, then Promoter shall have the right, but not the obligation, to terminate this Agreement upon notice to Fighter, without any further obligation

3

to Fighter, except for the payment of any purse which may be due for a previously completed Bout.

3.    Minimum Bouts and Purses.

(i)    During the first year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of six (6) Bouts.

(ii)    During the second year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of five (5) Bouts.

(iii)    During the third year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of five (5) Bouts.

(iv)    During the fourth year of this Agreement, Promoter shall offer Fighter the right to participate in a minimum of four (4) Bouts.

(v)    During the fifth year of this Agreement, Promoter shall offer Fighter the right to participate in a minimum of four (4) Bouts.

The purses to be paid to Fighter for each Bout shall be a minimum purse per bout of:

$2,500 - scheduled 4 rounds

$3,500 - scheduled 6 rounds;

$5,500 - scheduled 8 rounds;

$7,500 - scheduled 10 rounds.

4.    Dates, Sites, Opponents, Transportation, and Accommodations.

(a)    Promoter shall select, in its discretion, the date and site for each Bout hereunder, upon notice to Fighter.

(b)    The opponent for each Bout hereunder shall be selected by Promoter, subject to the reasonable right of approval of Fighter and his manager and subject to the approval of the applicable commission or championship sanctioning body.

4

HFNY2: #819750 v.1 #00039-0000 03/10/2005

(c)     For each Bout hereunder, Promoter shall provide round-trip air transportation, hotel rooms and meals (the "Accommodations") for four (4) persons including Fighter for the period of time prior to and through the date of each Bout as Promoter shall designate in its sole discretion.                                                       ℬT ℳℊ

(d)     Promoter will pay Fighter ad additional $1,500 $2,000 a month for a 24 month period, and $1,500 a month for the following 12-month period.   ℬT ℳℊ

5.   Championship Challenge Bout

(a)     At any time during the Term of this Agreement and any extension thereof, Promoter shall have the exclusive right and option to promote any bout in which Fighter shall challenge for a world championship title (the "Championship Challenge Bout") as recognized by one or more of the WBC, WBA, IBF or WBO (or an equivalent world sanctioning body). During the term of this Agreement or any extension and during the three (3) month period following any termination of this Agreement for any reason or the expiration of the Term, Fighter shall not contract with another promoter for any Championship Challenge Bout unless Fighter shall first deliver to Promoter a written notice of all material terms and conditions of the offer to Fighter for such Championship Challenge Bout (including the name of the prospective promoter). Such notice shall constitute an exclusive, irrevocable offer (the "Offer") to contract with Promoter on such terms and conditions; and Promoter shall have a period of ten (10) business days in which to accept the Offer. If Promoter does not accept the Offer, Fighter may then enter into an agreement with the previously named other promoter during the ten (10) business day period (the "Contract Period") following expiration of such ten business days, upon the same terms and conditions as included in the Offer. If Fighter proposes to enter into a contract with a third party upon terms and conditions that are less favorable to Fighter than the

5

HFNY2: #819750 v.1 #00039-0000 03/10/2005

EXHIBIT A
PAGE 25

terms and conditions included in the Offer, during the Contract Period, then Promoter shall have the right to match such terms and enter into a contract with Fighter for such Other Bout. If Fighter has not contracted with a third party on or before conclusion of the Contract Period, then all rights granted to Promoter pursuant to this Section 5 shall automatically be reinstated.

(b)   In the event that at any time during the final twelve (12) months of the Term of this Agreement and any extension thereof, Fighter shall be designated as the highest-ranked designated mandatory contender in any weight class category by the WBC, WBA, IBF or WBO (or an equivalent world sanctioning body), then the Term of this Agreement shall be extended for an additional 12-month period in order to provide Promoter with the opportunity to arrange and promote a Championship Challenge Bout for Fighter.

(c)   For a WBC, WBA, IBF, or WBO Championship Challenge Bout, Fighter will receive a minimum purse of $30,000.00 for this bout.

6.   Championship Title Defense Bouts

If during the term of this Agreement and any extension thereof and the three (3) month period following termination of this Agreement for any reason or expiration of the Term, Fighter shall be recognized as world champion in any weight class, either by the WBC, WBA, IBF or WBO (or an equivalent world sanctioning body), Promoter shall have the exclusive right and option to promote the Fighter's first five (5) title defenses or Bouts subject to the following conditions:

(a)   Fighter's minimum purse for each such Title Defense will be $60,000.

6

HFNY2: #819750 v.1 #00039-0000 03/10/2005

EXHIBIT A
PAGE 26

(b)     Any provision of Section 3 of this Agreement which shall be unfulfilled at the time of the Championship Challenge Bout may be terminated at the sole option of the Promoter.

(c)     The Term of this Agreement shall be extended for such period of time as is required for presentation of the five (5) title defenses or bouts; however such period of time shall not exceed thirty (30) months.

(d)     Each opponent for a title defense bout shall be selected by Promoter subject to Fighter's reasonable approval, and shall be approved by the governing world boxing organization which recognizes Fighter's title if applicable.

(e)     Fighter shall pay all of his fees associated with the sanctioning of each Title Bout, and Promoter shall withhold those fees from Fighter's purse for such Title Bout.

(f)     For each title defense bout hereunder, Promoter shall provide accommodations and travel for six (6) persons including Fighter.

7.     Other Bouts

(a)     Other than the bouts provided for in this Agreement, Fighter may contract with other promoters to engage in boxing matches, athletic contests or exhibitions during the Term of this Agreement; however, any boxing matches, athletic contests, or exhibitions arranged by promoters other than Top Rank shall not be telecast on any television network, cable television network, pay per view telecast, closed circuit or other television medium; and such other bouts may not be scheduled to take place less than ninety (90) days prior to or after a scheduled Top Rank promoted bout involving Fighter.

7

HFNY2: #819750 v.1 d00019-0000 03/10/2005

EXHIBIT A
PAGE 27

(b)   Notwithstanding the provisions of this Section 7, Fighter shall not, during the term of this Agreement and any extension, grant exclusive promotional rights, to substantially the same extent as granted herein to Promoter with respect to each Bout described herein, to any person or entity other than Promoter for more than one bout at a time; and Fighter shall not enter into any agreement which would conflict in any material way with the ability of Promoter to promote the bouts provided for in this Agreement.

8.   Fighter's Approval of Opponents

With respect to those bouts hereunder for which Fighter shall have a right of approval over an opponent selected by Promoter, Fighter or his representative shall notify Promoter of Fighter's approval or disapproval of each proposed opponent not later than five (5) business days after notification by Promoter to Fighter of the proposed opponent. The failure of Fighter to provide timely notice of disapproval shall constitute an approval of the proposed opponent.

9.   Intent in Signing

Fighter acknowledges and agrees that his signing of this Agreement is solely for the purpose of obtaining certain promotional services and commitments of Promoter upon the terms and conditions of this Agreement and that Fighter has not been required to sign this Agreement or to grant any of the rights herein granted to Promoter as a condition precedent to Fighter's participation in any professional boxing match against another fighter who is under contract to Promoter, or otherwise.

////

////

8

HFNY2: #819750 v.1 #00039-0000 03/10/2005

EXHIBIT A
PAGE 28

10.    Form of Bout Agreement

      For each bout hereunder, Fighter and Promoter shall execute and comply with the terms of Promoter's then customary form of Bout Agreement or the standard boxing contract required by the athletic or boxing commission with jurisdiction over each bout.

11.    Disability or Postponement

      Should any bout scheduled to be promoted hereunder be postponed for any reason, the obligations of Fighter and Promoter relating to the bouts set forth in Sections 3, 5 and 6 of this Agreement, and the Term of this Agreement, shall automatically be extended for the period of any such postponement. In addition, if at any time during the Term, or any extension thereof, Fighter becomes injured, suspended or permanently or partially disabled, Promoter, at its sole discretion, shall have the right, for each such injury, disability or suspension declared by Fighter or an athletic commission, either to (i) extend the Term of this Agreement for the period of such injury, disability or suspension; or (ii) terminate this Agreement upon notice to Fighter without any further liability or obligation to Fighter.

12.    Disqualification

      During the Term, Fighter shall be ready, willing and able to participate in each bout to be promoted by Promoter hereunder, to the best of Fighter's ability, and shall honestly compete and give an honest exhibition of skills. Without limiting any of Promoter's rights or remedies at law or in equity, Promoter shall have the right to terminate this Agreement in its entirety if Promoter believes, in its good faith judgment, that Fighter is not ready, willing and able or willing to participate to the best of his ability. In addition, if at any time during the Term Fighter should commit any act or be charged with any crime or misdemeanor which would permit any arena,

9

EXHIBIT A
PAGE 29

event site or television broadcaster, distributor or exhibitor to cancel its contract with Promoter

for a particular bout or boxing program to be promoted by Promoter in which Fighter was to

participate, Promoter shall have the right and option, in its discretion, to terminate this

Agreement upon notice to Fighter, without any further obligation or liability to Fighter except for

the payment of any agreed purse amount which may then be due for a previously completed

bout.

13.    Fighter's Representations and Warranties.

Fighter represents, warrants and agrees:

(i)      that Fighter is free to enter into this Agreement, and is not a party to, and
will not during the Term enter into any contract or agreement to participate as a
contestant in a boxing contest which would interfere with Fighter's ability to
fulfill his obligations under this Agreement;

(ii)     that there are no pending claims (asserted or unasserted) affecting the
Fighter which would or might interfere with the full and complete exercise or
enjoyment by Promoter of any rights granted hereunder; and

(iii)    that Fighter has executed no contract, option or agreement which conflicts
with the provisions hereof or which purports to grant anyone else conflicting
rights or any rights which would interfere with the full and complete performance
by Fighter of his obligations hereunder or the free and unimpaired exercise by the
Promoter of any of the rights granted to it hereunder.

Fighter further agrees to indemnify, defend and hold harmless Promoter and its officers,

employees, representatives and agents from and against any suits, claims, actions, proceedings,

expenses (including reasonable attorneys' fees) and damages arising from any actual or claimed

breach of any of Fighter's representations, warranties and covenants herein.

14.    Promoter's Representations and Warranties.

10

HFNY2: #819750 v.1 #00039-0000 03/10/2005

Promoter represents, warrants and agrees that Promoter is free to enter into this Agreement, and is not a party to, and will not during the Term enter into any contract or agreement which would interfere with Promoter's ability to fulfill its obligations pursuant to the terms and conditions of this agreement.

15.   Injunctive Relief.

Fighter acknowledges and agrees that the services to be rendered or furnished by him and the rights granted to Promoter hereunder are of a special, unique, unusual and extraordinary character, giving them peculiar value, the loss of which cannot be reasonably or adequately compensated by damages in an action at law and could cause Promoter irreparable damage and injury. Fighter, therefore, agrees that, upon the finding of a court of competent jurisdiction that such relief is appropriate, Promoter shall be entitled to injunctive and other equitable relief to prevent any breach or default hereunder without any requirement to post a bond, which shall be in addition to and without prejudice to any other rights or remedies Promoter may have in such event.

16.   Right to Assign.

Promoter shall have the right to assign, license or transfer any or all of the rights granted to it hereunder to any person, firm or corporation, so long as Promoter shall remain liable for its financial obligations to Fighter hereunder. However, the obligations of Fighter hereunder are personal to him, and neither the benefits nor the duties of Fighter hereunder may be assigned, pledged or transferred for any reason.

11

HFNY2: #119750 v.1 #00039-0000 03/10/2005

17.    Publicity and Promotion.

Fighter agrees that he will cooperate and assist in the publicizing, advertising and promoting of each bout, and that he will appear at and participate in a reasonable number of joint or separate press conferences, interviews, (before and after a bout) and other publicity or exploitation appearances, or activities (any or all of which may be telecast, broadcast, recorded or filmed), at times and places designated by Promoter (which such expenses including, but not limited to, travel and accommodations will be paid by Promoter).  If requested by Promoter, Fighter agrees to accompany Promoter on a press tour in which Fighter shall visit various cities to publicize a bout and will grant reasonable interviews with the press and media on said tour. Fighter further agrees to cooperate with any sponsors of a bout and to post reasonable advertising materials at the training camp of Fighter used in connection with publicity or advertising of such sponsors and to participate in reasonable advertising requests of such sponsors.  Fighter agrees, at the request of Promoter, that the training and sparring sessions of Fighter at the site of a bout shall be open to the public.

18.    Promoter's Promotion of Other Fighters

Nothing herein shall prevent Promoter from engaging in promotion activities for any other fighter, including other fighters in the same weight class as Fighter, and Promoter shall have no duty or obligation to direct or arrange any particular Bout for Fighter as opposed to any other Fighter.

19.    Survival of Provisions

HFNY2: #819750 v.1 #00039-0000 03/10/2005

EXHIBIT A
PAGE 32

If any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Agreement or the application of such term or provision to persons whose circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby.

20.   <u>Successors</u>

The terms, conditions and covenants of this Agreement shall be binding upon and shall inure to the benefit of each of the parties hereto, their heirs, personal representatives, successors or assigns.

21.   <u>Construction</u>

The captions and headings appearing in this Agreement are inserted only as a matter of convenience and in no way define, limit, construe or describe the scope or intent of such paragraphs of this Agreement or in any way affect this Agreement. The use of the singular herein shall be deemed to include the plural and conversely the plural shall be deemed to include the singular.

22.   <u>Notices</u>

If at any time following the execution of this Agreement it shall become necessary or convenient for one of the parties hereto to serve any notice, demand or communication upon the other party, such notice, demand or communication shall be in writing signed by the party serving the same, deposited in the registered or certified United States mail, return receipt requested, postage prepaid, or sent by a recognized courier service, and (a) if intended for Promoter shall be addressed to:

13

HFNY2:#819750 v.1 400039-0000 03/10/2005

EXHIBIT A
PAGE 33



Top Rank Inc (attn: Todd duBoef)
3980 Howard Hughes Parkway
Las Vegas, Nevada 89109

14

and (b) if intended for Fighter shall be addressed to:

or to such other address as either party may have furnished to the other in writing as a place for the service of notice. Any notice so mailed shall be deemed to have been given as of the time the same is deposited in the United States mail or delivered to a recognized courier service.

23.   Legal Fees

      In the event that at any time during the term of this Agreement and any extensions thereto either the Promoter or the Fighter shall institute any action or proceeding against the other relating to the provisions of this Agreement, or any default hereunder, then, the unsuccessful party in such action or proceeding agrees to reimburse the successful party for the reasonable expenses of attorneys fees and the disbursements incurred therein by the successful party.

24.   Entire Agreement

      This Agreement constitutes the entire agreement between the parties pertaining to the subject matter contained herein and supersedes all prior agreements, representations and understandings of the parties with respect to the subject matter of this Agreement.   No amendment of, addition to or modification of this Agreement shall be effective unless the same is in writing and signed by all parties. Any term or provision of this Agreement may be waived in a signed writing at any time by the party which is entitled to the benefit thereof; provided, however, that any waiver shall apply only to the specific event or omission waived and shall not constitute a continuing waiver. Any term or provision of this Agreement may be amended or

15

HFNY2: 4819750 v.1 #00039-0000 03/10/2005

EXHIBIT A
PAGE 35

supplanted at any time by a written instrument executed by all the parties hereto. No such agreement shall be binding unless executed in writing by all parties.

25.    Non-Waiver

 Waiver of the failure of the Promoter or Fighter to insist upon strict and prompt performance of the covenants and agreements hereunder and the acceptance of such performance hereafter shall not constitute or be construed as a waiver or relinquishment of the Promoter's or Fighter's rights hereafter to enforce the same strictly according to the tenor thereof, even in the event of a continuous or subsequent default by either party.

26.    Governing Law, Jurisdiction, Venue.

 This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada governing agreements made and to be performed wholly within the State of Nevada. The parties hereby (a) expressly consent to the personal jurisdiction and venue of the state and federal courts located in Clark County, Nevada for any action brought by either party to interpret or enforce any provision of this Agreement and (b) agree not to assert (by way of motion, as a defense or otherwise) that such legal proceeding has been brought in an inconvenient forum. The undersigned, by execution and delivery of this Agreement, expressly and irrevocably consent to the service of any complaint, summons, notice or other process relating to any such action or proceeding by delivery thereof to such party by hand or by certified mail, delivered or addressed to the address set forth in this Agreement.

16

HFNY2: #819750 v.1 #00039-0000 03/10/2005

EXHIBIT A
PAGE 36

05/12/2008 14:29 FAX  702 733 8232      TOP RANK INC                    ☎019/018

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and

year first above written.

TOP RANK, INC.                                    FIGHTER

By:                                               MIGUEL "MIKEY" GARCIA

17

HFNY2: #319750 v.1 #00039-0000 03/10/2005

# EXHIBIT 2

02/24/2009 16:30 FAX   702 733 8232        TOP RANK INC                        ⓦ002/011

### TOP RANK INC.



### PROMOTIONAL RIGHTS AGREEMENT

This Agreement dated as of February 27th, 2009 between TOP RANK, INC., a Nevada corporation with offices at 3980 Howard Hughes Parkway, Las Vegas, Nevada 89169, (hereinafter called "Promoter") and Miguel "Mikey" Garcia, who resides in Oxnard, California (hereinafter called "Fighter").

WHEREAS, Fighter wishes to obtain certain promotional services and commitments of Promoter to further Fighter's career as a professional boxer, and Promoter is willing and able to provide the promotion of a number of bouts for Fighter upon the terms and conditions set forth below.

NOW, THEREFORE, in consideration for the mutual promises set forth herein, the parties agree as follows:

I.      Grant of Promotion Rights.

        Fighter hereby grants to Promoter the exclusive right to promote those professional boxing contests to be engaged in by Fighter and to be promoted by Promoter as provided in this Agreement, during the term of this Agreement and any extension thereof. Promoter shall promote such bouts subject to the terms and conditions set forth herein, and the terms of this Agreement shall apply to championship title bouts as well as non-title bouts. Such promotional rights shall include all exclusive rights required to stage and sell tickets of admission to such boxing contests as well as the right to exploit and market all ancillary rights thereto, including, without limitation of the foregoing, all exclusive worldwide rights to broadcast, telecast, exhibit, transmit, record and film such bouts for exhibition on a live or

ⓦ003

*Mg* CD.

delayed basis in any and all media (whether now existing or hereafter devised) throughout the universe in perpetuity, including, without limitation of the foregoing, all worldwide television rights, including, without limitation of the foregoing, the unlimited and unrestricted right to telecast the bouts referred to herein by means of live or delayed free over-the-air, cable, subscription, master antenna, multi-point or closed circuit television; pay-per-view television by means of terrestrial, cable, over-the-air, satellite, analog and digital transmission as well as Video On Demand, Near Video On Demand and HDTV, PDAs and other multimedia services; radio; films and tapes, for exhibition in all media and in all gauges, whether for theatrical exhibition or for sale, lease or license for home use, including audio and audio-visual cassettes and discs, CD-ROM, digital video devices ("DVD"), all forms of internet on-line services or delivery, games and toys, and the unlimited right to deal with any or all of the foregoing, and to obtain copyright or similar protection in the United States and all other countries of the world where such protection is available in the name of Promoter or Promoter's nominees or assignees and all other rights, privileges, benefits, matters and things incident to or arising out of all or any of the foregoing, all in such manner as Promoter in its sole discretion shall determine. Further, Fighter grants to Promoter all commercial and non-commercial advertising uses of the bouts and portions thereof and Fighter's name and image, with respect to which Fighter hereby waives his personal right of privacy. Fighter grants to Promoter the right to use in any medium the name, likeness and biographical material of Fighter, and his trainers and seconds, for the purpose of advertising and promoting the bouts and for advertising and promoting the Ancillary Rights, as defined herein, including souvenir programs sold in connection with the bouts or the sale of said programs at any time thereafter and including institutional advertising by the site and Promoter's television licensees for the bouts. Promoter and its licensees or assignees shall have the right to

02/24/2009 16:30 FAX 702 733 8232          TOP RANK INC                    @004/011

*Mf* C.D.

use the name of Fighter, his photograph or other likeness, on commercial and merchandising tie-ups and advertisements, banners, buttons, posters, T-shirts, clothing (such as hats and jackets), jewelry and other souvenir items, and all similar products, but only in connection with and expressly related to the bouts and the Ancillary Rights. All of the rights, privileges and benefits granted by Fighter to Promoter pursuant to this paragraph 3 are hereinafter referred to as the "Ancillary Rights."

2.      <u>Term</u>.

(a)     The term of this Agreement (the "Term") shall commence on the date hereof and shall continue for the period through February 27, 2014 unless terminated sooner or extended further pursuant to a specific provision of this Agreement.

(b)     Subject to the provisions of Section 3 of this Agreement, and in addition to Promoter's right to terminate this Agreement pursuant to Section 2(c) of this Agreement, in the event that Fighter shall fail, for any reason whatsoever (other than a disability or postponement as provided in Section 11 of this Agreement) to engage in the minimum number of bouts as offered by Promoter during the Term, or to engage in any bout with an opponent approved by Fighter, Promoter shall have the right to terminate this Agreement without further liability or obligation to Fighter, except for the payment to Fighter of purses for bouts which have been completed during the period prior to such termination pursuant to this Agreement.

(c)     In the event that at any time during the Term Fighter shall fail to have been declared the winner of any professional boxing match, for any reason, by the official boxing or athletic commission with jurisdiction over such bout, then Promoter shall have the right, but not the obligation, to terminate this Agreement upon notice to Fighter, without any further obligation

02/25/2009 13:32 FAX

*M* CD.

to Fighter, except for the payment of any purse which may be due for a previously completed Bout.

3.     Minimum Bouts and Purses.

During the first year of this agreement, Promoter shall offer the Fighter the right to participate in five bouts, during the remaining years of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of four (4) Bouts.  The purses to be paid to Fighter for each Bout shall be a minimum purse per bout of $7,500 for each scheduled 8 round bout or $12,500.00 for each scheduled 10 or 12 rounds.

4.     Dates, Sites, Opponents, Transportation, and Accommodations.

       (a)     Promoter shall select, in its discretion, the date and site for each Bout hereunder, upon notice to Fighter.

       (b)     The opponent for each Bout hereunder shall be selected by Promoter, subject to the reasonable right of approval of Fighter and his manager and subject to the approval of the applicable commission or championship sanctioning body.

       (c)     For each Bout hereunder, Promoter shall provide round-trip air transportation, hotel rooms and meals (the "Accommodations") for four (4) persons including Fighter for the period of time prior to and through the date of each Bout as Promoter shall designate in its sole discretion.

5.     Championship Challenge Bout

       (a)     At any time during the Term of this Agreement and any extension thereof, Promoter shall have the exclusive right and option to promote any Bout in which Fighter shall

02/24/2009 16:31 FAX   702 733 8232          TOP RANK INC                    ⊠005/011

*TC CD.*

challenge for a world championship title (the "Championship Challenge Bout") as recognized by one or more of the WBC, WBA, IBF or WBO ( or an equivalent world sanctioning body). During the term of this Agreement or any extension and during the three (3) month period following any termination of this Agreement for any reason or the expiration of the Term, Fighter shall not contract with another promoter for any Championship Challenge Bout unless Fighter shall first deliver to Promoter a written notice of all material terms and conditions of the offer to Fighter for such Championship Challenge Bout (including the name of the prospective promoter). Such notice shall constitute an exclusive, irrevocable offer (the "Offer") to contract with Promoter on such terms and conditions; and Promoter shall have a period of ten (10) business days in which to accept the Offer. If Promoter does not accept the Offer, Fighter may then enter into an agreement with the previously named other promoter during the ten (10) business day period (the "Contract Period") following expiration of such ten business days, upon the same terms and conditions as included in the Offer. If Fighter proposes to enter into a contract with a third party upon terms and conditions that are less favorable to Fighter than the terms and conditions included in the Offer, during the Contract Period, then Promoter shall have the right to match such terms and enter into a contract with Fighter for such Other Bout. If Fighter has not contracted with a third party on or before conclusion of the Contract Period, then all rights granted to Promoter pursuant to this Section 5 shall automatically be reinstated.

(b)      For a WBC, WBA IBF or WBO Championship Challenge Bout, Fighter shall receive a minimum purse of $40,000.00.

(c)      In the event that at any time during the Term of this Agreement and any extension thereof, Fighter shall be designated as the highest-ranked designated mandatory contender in any weight class category by either the WBC, WBA, IBF or WBO, then the Term of this Agreement

✍007                                                        02/23/2008 15:53 FAX

02/24/2009 16:31 FAX 702 733 9232          TOP RANK INC                    @001/011

*MG CD.*

shall be extended for an additional 12-month period in order to provide Promoter with the opportunity to arrange and promote a Championship Challenge Bout for Fighter.

(d)     Fighter shall pay all of his fees associated with the sanctioning of each championship challenge bout, and Promoter shall withhold those fees from Fighter's purse for each such Bout.

6.     <u>Championship Title Defense Bouts</u>

If during the term of this Agreement and any extension thereof and the three (3) month period following termination of this Agreement for any reason or expiration of the Term, Fighter shall be recognized as world champion in any weight class, either by the WBC, WBA, IBF or WBO (or an equivalent world sanctioning body), Promoter shall have the exclusive right and option to promote the Fighter's first five (5) title defenses or Bouts subject to the following conditions:

(a)     Fighter's minimum purse for each such Title Defense will be $75,000.

(b)     Any provision of Section 3 of this Agreement which shall be unfulfilled at the time of the Championship Challenge Bout may be terminated at the sole option of the Promoter.

(c)     The Term of this Agreement shall be extended for such period of time as is required for presentation of the five (5) title defenses or bouts; however such period of time shall not exceed thirty (30) months.

(d)     Each opponent for a title defense bout shall be selected by Promoter subject to Fighter's reasonable approval, and shall be approved by the governing world boxing organization which recognizes Fighter's title if applicable.

02/25/2009 15:53 FAX

*MC CD.*

(e)    Fighter shall pay all of his fees associated with the sanctioning of each Title Bout, and Promoter shall withhold those fees from Fighter's purse for such Title Bout.

(f)    For each title defense bout hereunder, Promoter shall provide accommodations and travel for five (5) persons including Fighter.

7.    Other Bouts

(a)    Other than the bouts provided for in this Agreement, Fighter may contract with other promoters to engage in boxing matches, athletic contests or exhibitions during the Term of this Agreement; however, any boxing matches, athletic contests, or exhibitions arranged by promoters other than Top Rank shall not be telecast on any television network, cable television network, pay per view telecast, closed circuit or other television medium; and such other bouts may not be scheduled to take place less than ninety (90) days prior to or after a scheduled Top Rank promoted bout involving Fighter.

(b)    Notwithstanding the provisions of this Section 7, Fighter shall not, during the term of this Agreement and any extension, grant exclusive promotional rights, to substantially the same extent as granted herein to Promoter with respect to each Bout described herein, to any person or entity other than Promoter for more than one bout at a time; and Fighter shall not enter into any agreement which would conflict in any material way with the ability of Promoter to promote the bouts provided for in this Agreement.

8.    Fighter's Approval of Opponents

With respect to those bouts hereunder for which Fighter shall have a right of approval over an opponent selected by Promoter, Fighter or his representative shall notify Promoter of Fighter's approval or disapproval of each proposed opponent not later than five (5) business days

after notification by Promoter to Fighter of the proposed opponent. The failure of Fighter to provide timely notice of disapproval shall constitute an approval of the proposed opponent.

9.     Intent in Signing

Fighter acknowledges and agrees that his signing of this Agreement is solely for the purpose of obtaining certain promotional services and commitments of Promoter upon the terms and conditions of this Agreement and that Fighter has not been required to sign this Agreement or to grant any of the rights herein granted to Promoter as a condition precedent to Fighter's participation in any professional boxing match against another fighter who is under contract to Promoter, or otherwise.

10.     Form of Bout Agreement

For each bout hereunder, Fighter and Promoter shall execute and comply with the terms of Promoter's then customary form of Bout Agreement or the standard boxing contract required by the athletic or boxing commission with jurisdiction over each bout.

11.     Disability or Postponement

Should any bout scheduled to be promoted hereunder be postponed for any reason, the obligations of Fighter and Promoter relating to the bouts set forth in Sections 3, 5 and 6 of this Agreement, and the Term of this Agreement, shall automatically be extended for the period of any such postponement. In addition, if at any time during the Term, or any extension thereof, Fighter becomes injured, suspended or permanently or partially disabled, Promoter, at its sole discretion, shall have the right, for each such injury, disability or suspension declared by Fighter or an athletic commission, either to (i) extend the Term of this Agreement for the period of such

*TJG  C.D.*

injury, disability or suspension; or (ii) terminate this Agreement upon notice to Fighter without any further liability or obligation to Fighter.

12.    Disqualification.

During the Term, Fighter shall be ready, willing and able to participate in each bout to be promoted by Promoter hereunder, to the best of Fighter's ability, and shall honestly compete and give an honest exhibition of skills.  Without limiting any of Promoter's rights or remedies at law or in equity, Promoter shall have the right to terminate this Agreement in its entirety if Promoter believes, in its good faith judgment, that Fighter is not ready, willing and able or willing to participate to the best of his ability.  In addition, if at any time during the Term Fighter should commit any act or be charged with any crime or misdemeanor which would permit any arena, event site or television broadcaster, distributor or exhibitor to cancel its contract with Promoter for a particular bout or boxing program to be promoted by Promoter in which Fighter was to participate, Promoter shall have the right and option, in its discretion, to terminate this Agreement upon notice to Fighter, without any further obligation or liability to Fighter except for the payment of any agreed purse amount which may then be due for a previously completed bout.

13.    Fighter's Representations and Warranties.

Fighter represents, warrants and agrees:

(i)    that Fighter is free to enter into this Agreement, and is not a party to, and will not during the Term enter into any contract or agreement to participate as a contestant in a boxing contest which would interfere with Fighter's ability to fulfill his obligations under this Agreement;

(ii)    that there are no pending claims (asserted or unasserted) affecting the Fighter which would or might interfere with the full and complete exercise or enjoyment by Promoter of any rights granted hereunder; and

(iii)    that Fighter has executed no contract, option or agreement which conflicts with the provisions hereof or which purports to grant anyone else conflicting rights or any rights which would interfere with the full and complete performance by Fighter of his obligations hereunder or the free and unimpaired exercise by the Promoter of any of the rights granted to it hereunder.

Fighter further agrees to indemnify, defend and hold harmless Promoter and its officers, employees, representatives and agents from and against any suits, claims, actions, proceedings, expenses (including reasonable attorneys' fees) and damages arising from any actual or claimed breach of any of Fighter's representations, warranties and covenants herein.

14.    Promoter's Representations and Warranties.

Promoter represents, warrants and agrees that Promoter is free to enter into this Agreement, and is not a party to, and will not during the Term enter into any contract or agreement which would interfere with Promoter's ability to fulfill its obligations pursuant to the terms and conditions of this agreement.

15.    Injunctive Relief.

Fighter acknowledges and agrees that the services to be rendered or furnished by him and the rights granted to Promoter hereunder are of a special, unique, unusual and extraordinary character, giving them peculiar value, the loss of which cannot be reasonably or adequately compensated by damages in an action at law and could cause Promoter irreparable damage and injury. Fighter, therefore, agrees that, upon the finding of a court of competent jurisdiction that such relief is appropriate, Promoter shall be entitled to injunctive and other equitable relief to prevent any breach or default hereunder without any requirement to post a bond, which shall be in addition to and without prejudice to any other rights or remedies Promoter may have in such event.

EXHIBIT A
PAGE 48

02/24/2008 16:31 FAX  702 733 8232     TOP RANK INC                    ☑012/017

*CD.*

16.    **Right to Assign.**

Promoter shall have the right to assign, license or transfer any or all of the rights granted to it hereunder to any person, firm or corporation, so long as Promoter shall remain liable for its financial obligations to Fighter hereunder. However, the obligations of Fighter hereunder are personal to him, and neither the benefits nor the duties of Fighter hereunder may be assigned, pledged or transferred for any reason.

17.    **Publicity and Promotion.**

Fighter agrees that he will cooperate and assist in the publicizing, advertising and promoting of each bout, and that he will appear at and participate in a reasonable number of joint or separate press conferences, interviews, (before and after a bout) and other publicity or exploitation appearances, or activities (any or all of which may be telecast, broadcast, recorded or filmed), at times and places designated by Promoter (which such expenses including, but not limited to, travel and accommodations will be paid by Promoter). If requested by Promoter, Fighter agrees to accompany Promoter on a press tour in which Fighter shall visit various cities to publicize a bout and will grant reasonable interviews with the press and media on said tour. Fighter further agrees to cooperate with any sponsors of a bout and to post reasonable advertising materials at the training camp of Fighter used in connection with publicity or advertising of such sponsors and to participate in reasonable advertising requests of such sponsors. Fighter agrees, at the request of Promoter, that the training and sparring sessions of Fighter at the site of a bout shall be open to the public.

18.    **Promoter's Promotion of Other Fighters**

☑013                                              02/25/2008 13:34 FAX

*CD.*

Nothing herein shall prevent Promoter from engaging in promotion activities for any other fighter, including other fighters in the same weight class as Fighter; and Promoter shall have no duty or obligation to direct or arrange any particular Bout for Fighter as opposed to any other Fighter.

19.    Survival of Provisions

If any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Agreement or the application of such term or provision to persons whose circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby.

20.    Successors

The terms, conditions and covenants of this Agreement shall be binding upon and shall inure to the benefit of each of the parties hereto, their heirs, personal representatives, successors or assigns.

21.    Construction

The captions and headings appearing in this Agreement are inserted only as a matter of convenience and in no way define, limit, construe or describe the scope or intent of such paragraphs of this Agreement or in any way affect this Agreement. The use of the singular herein shall be deemed to include the plural and conversely the plural shall be deemed to include the singular.

22.    Notices

EXHIBIT A
PAGE 50

02/24/2009 16:32 FAX 702 733 8232          TOP RANK INC                              ☑014/017

If at any time following the execution of this Agreement it shall become necessary or convenient for one of the parties hereto to serve any notice, demand or communication upon the other party, such notice, demand or communication shall be in writing signed by the party serving the same, deposited in the registered or certified United States mail, return receipt requested, postage prepaid, or sent by a recognized courier service, and (a) if intended for Promoter shall be addressed to:

> Top Rank Inc. (attn. Daniel Pancheri)
> 3980 Howard Hughes Parkway
> Las Vegas, Nevada 89109

and (b) if intended for Fighter shall be addressed to:

> CAMERON DUNKIN
> 7267 TOURNAMENT CANYON DR.
> LAS VEGAS, NV 89190

or to such other address as either party may have furnished to the other in writing as a place for the service of notice. Any notice so mailed shall be deemed to have been given as of the time the same is deposited in the United States mail or delivered to a recognized courier service.

23.     **Legal Fees**

In the event that at any time during the term of this Agreement and any extensions thereto either the Promoter or the Fighter shall institute any action or proceeding against the other relating to the provisions of this Agreement, or any default hereunder, then, the unsuccessful party in such action or proceeding agrees to reimburse the successful party for the reasonable expenses of attorneys fees and the disbursements incurred therein by the successful party.

24.     **Entire Agreement**

EXHIBIT A
PAGE 51

02/24/2009 16:32 FAX  702 733 8232      TOP RANK INC                    @015/017

*C.D.*

This Agreement constitutes the entire agreement between the parties pertaining to the subject matter contained herein and supersedes all prior agreements, representations and understandings of the parties with respect to the subject matter of this Agreement.   No amendment of, addition to or modification of this Agreement shall be effective unless the same is in writing and signed by all parties. Any term or provision of this Agreement may be waived in a signed writing at any time by the party which is entitled to the benefit thereof; provided, however, that any waiver shall apply only to the specific event or omission waived and shall not constitute a continuing waiver. Any term or provision of this Agreement may be amended or supplanted at any time by a written instrument executed by all the parties hereto. No such agreement shall be binding unless executed in writing by all parties.

25.    Non-Waiver

Waiver of the failure of the Promoter or Fighter to insist upon strict and prompt performance of the covenants and agreements hereunder and the acceptance of such performance hereafter shall not constitute or be construed as a waiver or relinquishment of the Promoter's or Fighter's rights hereafter to enforce the same strictly according to the tenor thereof, even in the event of a continuous or subsequent default by either party.

26.    Governing Law, Jurisdiction, Venue.

This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada governing agreements made and to be performed wholly within the State of Nevada. The parties hereby (a) expressly consent to the personal jurisdiction and venue of the state and federal courts located in Clark County, Nevada for any action brought by either party to interpret or enforce any provision of this Agreement and (b) agree not to assert (by way of

02/24/2009 19:32 FAX 702 733 8232       TOP RANK INC                    ☑016/017

C.D.

motion, as a defense or otherwise) that such legal proceeding has been brought in an inconvenient forum. The undersigned, by execution and delivery of this Agreement, expressly and irrevocably consent to the service of any complaint, summons, notice or other process relating to any such action or proceeding by delivery thereof to such party by hand or by certified mail, delivered or addressed to the address set forth in this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

TOP RANK, INC.

By: _____

MANAGER

FIGHTER

EXHIBIT A
PAGE 53

ORIGINAL

## SUMMONS
### *(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** TOP RANK, INC., a Nevada
*(AVISO AL DEMANDADO):* corporation; and DOES 1 through
10, inclusive

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
APR 0? 2014
R. Mc Elyea

VG
APR 0 8 2014
B

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIGUEL ANGEL GARCIA, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación
   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Superior Court 4050 Main Street Riverside, CA 92501 | **CASE NUMBER** *(Número del Caso):* **RIC 140 34 45** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryan J. Freedman, Esq. (SBN 151990)                    310-201-0005
Brian E. Turnauer, Esq. (SBN 214768)
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500, Los Angeles, CA 90067

| DATE: **APR 0 8 2014** *(Fecha)* | Clerk, by _____, Deputy *(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                   Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A
PAGE 54

ORIGINAL

CRC 2.303
CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Bryan J. Freedman, Esq. (SBN 151990)<br>Brian E. Turnauer, Esq. (SBN 214768)<br>FREEDMAN + TAITELMAN, LLP<br>1901 Avenue of the Stars, Suite 500<br>Los Angeles, CA 90067<br>TELEPHONE NO.: 310-201-0005   FAX NO.: Fax: 310-201-0045<br>ATTORNEY FOR (Name): Plaintiff Miguel Angel Garcia | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92501<br>BRANCH NAME: Civil Department | |
| CASE NAME:  Garcia v. Top Rank, Inc. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RIC  1403445 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount           (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [X] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): 1

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 5, 2014

Bryan J. Freedman, Esq. (SBN 151990)
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET   Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice—
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach—Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
     Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A
PAGE 56

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

## NOTICE OF DEPARTMENT ASSIGNMENT FOR CASE MANAGEMENT PURPOSES AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

GARCIA VS. TOP RANK, INC

### CASE NO. RIC1403445

This case is assigned to the Honorable Judge John W Vineyard in Department 07 for case management purposes. The  Case Management Conference is scheduled for 10/06/14 at  8:30 in Department 07.

Case is Assigned to Department 03 for Law and Motion Purposes.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.
Any disqualification pursuant to CCP section 170.6 shall be filed  in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 04/08/14                                        by: _____
                                                         RICQUEL L MCELYEA, Deputy Clerk





## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

|  |  |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |
| Moreno Valley, CA 92553 | RI-030 |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Bryan J. Freedman, Esq. (SBN 151990)<br>Brian E. Turnauer, Esq. (SBN 214768)<br>FREEDMAN + TAITELMAN, LLP<br>1901 Avenue of the Stars, Suite 500<br>Los Angeles, CA 90067<br>TELEPHONE NO: 310-201-0005 FAX NO. (Optional): Fax: 310-201-0<br>E-MAIL ADDRESS (Optional): bfreedman@ftllp.com; bturnauer@ftllp.c<br>ATTORNEY FOR (Name): Plaintiff Miguel Angel Garcia | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>APR 08 2014<br><br>R. Mc Elyea |
| PLAINTIFF/PETITIONER: Miguel Angel Garcia | |
| DEFENDANT/RESPONDENT: Top Rank, Inc. | CASE NUMBER:<br>RIC 1403445 |

| CERTIFICATE OF COUNSEL |
|---|

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92555 _____ _____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____ _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date April 8 , 2014

▶

Bryan J. Freedman
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

Page 1 of 1

| Approved for Optional Use<br>Riverside Superior Court<br>RI-030 (Rev. 09/15/13) | **CERTIFICATE OF COUNSEL** | Local Rule 1.0015<br>riverside.courts.ca.gov/localforms/localforms.shtml |

RI-030

ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>BRYAN J. FREEDMAN | SBN: 151990<br>FREEDMAN + TAITELMAN, LLP<br>1901 AVENUE OF THE STARS, SUITE 500<br>LOS ANGELES, CA 90067<br>TELEPHONE NO.: (310) 201-0005 | FAX NO. (310) 201-0045 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>APR 1 8 2014<br><br>R. Mc Elyea |

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 MAIN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CA 92501
BRANCH NAME: MAIN COURTHOUSE

| PLAINTIFF/PETITIONER: MIGUEL ANGEL GARCIA a.k.a MIKEY GARCIA, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TOP RANK, INC., ETC. | RIC 1403445 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>728.1 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☒ other *(specify documents)*: CERTIFICATE OF COUNSEL; NOTICE OF DEPARTMENT ASSIGNMENT FOR CASE
      MANAGEMENT PURPOSES AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

3. a. Party served *(specify name of party as shown on documents served)*:
      TOP RANK, INC., A NEVADA CORPORATION

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
         item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
         CSC Lawyers Incorporating Service, Registered Agent by Serving Melissa Vang - Process Specialist

4. Address where the party was served: 2710 GATEWAY OAKS DRIVE, SUITE 150N
                                        SACRAMENTO, CA 95833

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on *(date)*: 04/11/2014   (2) at *(time)*: 02:38 pm

   b. ☐ by substituted service. On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
            person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
            abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed him of
            her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
            place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
            *(date)*:   from *(city)*:                                or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>POS010-1/641443RF |
|---|---|---|

EXHIBIT A
PAGE 59

| PETITIONER: MIGUEL ANGEL GARCIA a.k.a MIKEY GARCIA, an individual | CASE NUMBER: |
|---|---|
| RESPONDENT: TOP RANK, INC., ETC. | RIC 1403445 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☒ On behalf of *(specify):* **TOP RANK, INC., A NEVADA CORPORATION**
        under the following Code of Civil Procedure section:

          ☒ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
          ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
          ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
          ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
          ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                      ☐ other:

7. **Person who served papers**
    a. Name: **ROBERT RUBIO C/O Nationwide Legal, LLC (12-234648)**
    b. Address: **1609 James M. Wood Blvd., 2nd Fl Los Angeles, CA 90015**
    c. Telephone number: **(213) 249-9999**
    d. The fee for service was: $ 17250
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒ registered California process server:
            (i) ☐ owner       ☐ employee     ☒ independent contractor.
           (ii) Registration No.: **2010-28**
           (iii) County: **SACRAMENTO**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **04/14/2014**

    **Nationwide Legal, LLC (12-234648)**
    **1609 James M. Wood Blvd., 2nd Fl**
    **Los Angeles, CA 90015**
    **(213) 249-9999**
    **www.nationwideasap.com**

| **ROBERT RUBIO** | ▶ | (SIGNATURE) |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | |

**EXHIBIT B**

1 | DANIEL PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2 | DAVID MARROSO (S.B. #211655)
    dmarroso@omm.com
3 | HARRISON A. WHITMAN (S.B. #261008)
    hwhitman@omm.com
4 | O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, Seventh Floor
5 | Los Angeles, California 90067-6035
    Telephone:    (310) 553-6700
6 | Facsimile:    (310) 246-6779

7 | Attorneys for Defendant
    Top Rank, Inc.

8

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 07 2014

Juliette Jones

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF RIVERSIDE

11

12 | MIGUEL ANGEL GARCIA a.k.a. MIKEY
    GARCIA, an individual,

13

14 |                    Plaintiff,

15 |       v.

16 | TOP RANK, INC., a Nevada corporation;
    and DOES 1-10, inclusive,

17

18 |                    Defendants.

Case No. RIC1403445

Hon. John W. Vineyard, Dept. 7

**TOP RANK, INC.'S ANSWER TO
PLAINTIFF MIGUEL ANGEL GARCIA'S
COMPLAINT**

Complaint Filed:  April 8, 2014

19

20

21

22

23

24

25

26

27

28

TOP RANK'S ANSWER AND AFFIRMATIVE DEFENSES TO GARCIA'S COMPLAINT

EXHIBIT B
PAGE 61

1   Defendant Top Rank, Inc. ("Top Rank"), by and through its undersigned counsel, hereby

2   answers the unverified complaint of plaintiff Miguel Angel Garcia ("Plaintiff") as follows:

3                                    **GENERAL DENIAL**

4       Pursuant to section 431.30(d) of the California Code of Civil Procedure, Top Rank

5   generally and specifically denies each and every allegation in Plaintiff's complaint.  Top Rank

6   further denies that Plaintiff has been injured or damaged in any sum by any act or omission of

7   Top Rank or any of its past or present agents, representatives, officers, directors, employees, or

8   anyone acting on its behalf, or that Plaintiff is entitled to any form of relief whatsoever.

9                                  **AFFIRMATIVE DEFENSES**

10      Without admitting any of the allegations of the complaint, Top Rank asserts the following

11  separate and distinct affirmative defenses to Plaintiff's complaint.  In asserting these defenses,

12  Top Rank does not admit that it has the burden of proof on any issue as to which Plaintiff

13  properly bears the burden.

14                             **FIRST AFFIRMATIVE DEFENSE**

15                             (Failure to State a Cause of Action)

16      The complaint, and each and every cause of action therein, fails to state a cause of action.

17                            **SECOND AFFIRMATIVE DEFENSE**

18                                     (Choice of Law)

19      The complaint, and each and every cause of action therein, is barred, in whole or in part,

20  because Nevada (not California) law applies.

21                             **THIRD AFFIRMATIVE DEFENSE**

22                                       (Release)

23      The complaint, and each and every cause of action therein, is barred, in whole or in part,

24  by the doctrine of release.

25

26

27

28

EXHIBIT B
PAGE 62

1

**FOURTH AFFIRMATIVE DEFENSE**

2

(Mistake and Reformation of Contract)

3

The complaint, and each and every cause of action therein, is barred, in whole or in part,

4

by the doctrine of mistake.  To the extent any mistake involves the terms of a contract, the

5

contract should be reformed to reflect the accurate intention of the parties.

6

**FIFTH AFFIRMATIVE DEFENSE**

7

(Waiver, Estoppel, Consent, Ratification, Laches, and/or Unclean Hands)

8

The complaint, and each and every cause of action therein, is barred, in whole or in part,

9

by the doctrines of waiver, estoppel, consent, ratification, laches, and/or unclean hands.

10

**SIXTH AFFIRMATIVE DEFENSE**

11

(Statutes of Limitation)

12

The complaint, and each and every cause of action therein, is barred, in whole or in part,

13

under applicable statutes of limitation.

14

**SEVENTH AFFIRMATIVE DEFENSE**

15

(Lack of Case or Controversy)

16

The complaint, and each and every cause of action therein, is barred, in whole or in part,

17

to the extent that it seeks an advisory ruling on hypothetical grounds.

18

**EIGHTH AFFIRMATIVE DEFENSE**

19

(Lack of Ripeness)

20

The complaint, and each and every cause of action therein, is barred, in whole or in part,

21

to the extent that it seeks a judgment that is not ripe for adjudication.

22

**NINTH AFFIRMATIVE DEFENSE**

23

(Abandonment, Mutual Rescission, Termination, or Destruction of Contract)

24

The complaint, and each and every cause of action therein, is barred, in whole or in part,

25

to the extent that it relies on any rights, obligations, or terms of the 2006 Promotional Rights

26

Agreement between Top Rank and Plaintiff ("2006 Agreement") that have been abandoned,

27

mutually rescinded, terminated, or destroyed.

28

EXHIBIT B
PAGE 63

### TENTH AFFIRMATIVE DEFENSE

(Novation)

The complaint, and each and every cause of action therein, is barred, in whole or in part, to the extent that it relies on any rights, obligations, or terms of the 2006 Agreement that are extinguished and obsolete by novation.

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Do Equity)

The complaint, and each and every cause of action therein, is barred, in whole or in part, for Plaintiff's failure to do equity in the matters alleged in the litigation.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

To the extent Plaintiff has sustained damages, which Top Rank denies, Plaintiff has contributed in a direct and proximate manner to such damages by failing to act reasonably and prudently to mitigate those damages, and any recovery by Plaintiff must be diminished or barred by reason thereof.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Apportionment of Damages)

To the extent Plaintiff has sustained damages that were caused by persons or entities other than Top Rank, the liability of all responsible parties, named or unnamed, must be apportioned according to the relative degrees of fault, and the liability of Top Rank must be reduced accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

The complaint, and each and every cause of action therein, is barred, in whole or in part, to the extent it fails to provide a sufficiently clear statement of the facts, nature, source, and extent of each and every cause of action.

EXHIBIT B
PAGE 64

1

**RESERVATION**

2      Top Rank presently has insufficient knowledge or information upon which to form a

3  belief as to whether it may have additional, yet unstated, affirmative defenses.  Top Rank reserves

4  the right to allege other affirmative defenses as they become known during the course of

5  discovery, and hereby specifically reserves the right to amend its answer to allege said affirmative

6  defenses at such time as they become known.

7

**PRAYER FOR RELIEF**

8  WHEREFORE, Top Rank prays for a judgment that:

9      1.      Plaintiff takes nothing by way of the complaint;

10     2.      Plaintiff's complaint be dismissed with prejudice in its entirety;

11     3.      The Court enter judgment in favor of Top Rank;

12     4.      Top Rank be awarded the costs and fees incurred in defense of this action; and

13     5.      Top Rank be awarded any other relief the Court deems just and proper.

14

15  Dated:  May 7, 2014                                         Respectfully submitted,

16

17                                                               Daniel M. Petrocelli
                                                                 David Marroso
18                                                               Harrison A. Whitman
                                                                 O'MELVENY & MYERS LLP
19
                                                            By: _____
20                                                               David Marroso
                                                                 Attorneys for Defendant Top Rank, Inc.
21

22

23

24

25

26

27

28

4

EXHIBIT B
PAGE 65

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by First Legal Support Services, whose address is 1511 W. Beverly Blvd., Los Angeles, CA 90026-5704. I am over the age of eighteen years and not a party to the within action. On May 7, 2014, I personally served the following:

### TOP RANK, INC.'S ANSWER TO PLAINTIFF MIGUEL ANGEL GARCIA'S COMPLAINT

by delivering a copy thereof to the office of the following:

Bryan J. Freedman, Esq.
Brian E. Turnauer, Esq.
Freedman + Taitelman, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
bfreedman@ftllp.com
bturnauer@ftllp.com
Ph: 310-201-0005
Fax: 310-201-0045
    Attorneys for Plaintiff,
        Miguel Angel Garcia

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 7, 2014, at Los Angeles, California.

SIGNATURE: _Ed Rm_

PRINTED NAME: _Ed Bates_

**PROOF OF PERSONAL SERVICE**

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by First Legal Support Services, whose address is 1511 W. Beverly Blvd., Los Angeles, CA 90026-5704, and which has been employed by a member of the bar of this Court at whose direction the service was made. I am over the age of eighteen years and not a party to the within action. On May 8, 2014, I personally served the following:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION AND DIVERSITY JURISDICTION); DECLARATION OF TODD DUBOEF IN SUPPORT THEREOF**

by delivering a copy thereof to the office of the following:

Bryan J. Freedman, Esq.
Brian E. Turnauer, Esq.
Freedman + Taitelman, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
bfreedman@ftllp.com
bturnauer@ftllp.com
Ph: 310-201-0005
Fax: 310-201-0045
    Attorneys for Plaintiff,
        Miguel Angel Garcia

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 8, 2014, at Los Angeles, California.

SIGNATURE: _____*Ed Bats*_____

PRINTED NAME: _____*Ed Bates*_____

# CIVIL COVER SHEET

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

GARCIA, MIGUEL A. (a.k.a. MIKEY GARCIA)

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

TOP RANK, INC., and DOES 1 through 10, inclusive.

**(b)** County of Residence of First Listed Plaintiff   Riverside County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Clark County, NV
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500, Los Angeles, CA 90067
Telephone: (310) 201-0005
(see attachment for complete list)

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067
Telephone: (310) 553-6700
(see attachment for complete list)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendant removes this action for declaratory relief and violations of 15 U.S.C. § 6301 et seq., the Muhammad Ali Boxing Reform Act, based on federal question jurisdiction. Defendant also removes this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   5:14-cv-0928

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☒ Yes    ☐ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☒ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes   ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| **C.1. Is either of the following true? If so, check the one that applies:**<br><br>☐ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right.  ➡ | **C.2. Is either of the following true? If so, check the one that applies:**<br><br>☐ 2 or more answers in Column D<br><br>☒ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below.  ⬇ |
|---|---|
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. | |

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | **EASTERN DIVISION** |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _____   DATE: May 8, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1

## ATTACHMENT TO CIVIL COVER SHEET

2  The following is a complete list of attorneys for plaintiff Miguel Angel Garcia:

3
4      BRYAN J. FREEDMAN (S.B. #151990)
      bfreedman@ftllp.com
5      BRIAN E. TURNAUER (S.B. #214768)
      bturnauer@ftllp.com
6      FREEDMAN + TAITELMAN, LLP
7      1901 Avenue of the Stars, Suite 500
    Los Angeles, CA 90067
8      Telephone: (310) 201-0005
    Facsimile: (310) 201-0045
9

10

11  The following is a complete list of attorneys for defendant Top Rank, Inc.:

12
13      DANIEL PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
14      DAVID MARROSO (S.B. #211655)
      dmarroso@omm.com
15      HARRISON A. WHITMAN (S.B. #261008)
      hwhitman@omm.com
16      O'MELVENY & MYERS LLP
17      1999 Avenue of the Stars, Seventh Floor
    Los Angeles, California 90067-6035
18      Telephone: (310) 553-6700
    Facsimile: (310) 246-6779
19

20

21

22

23

24

25

26

27

28

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by First Legal Support Services, whose address is 1511 W. Beverly Blvd., Los Angeles, CA 90026-5704, and which has been employed by a member of the bar of this Court at whose direction the service was made. I am over the age of eighteen years and not a party to the within action. On May 8, 2014, I personally served the following:

## CIVIL CASE COVER SHEET

by delivering a copy thereof to the office of the following:

Bryan J. Freedman, Esq.
Brian E. Turnauer, Esq.
Freedman + Taitelman, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
bfreedman@ftllp.com
bturnauer@ftllp.com
Ph: 310-201-0005
Fax: 310-201-0045
        Attorneys for Plaintiff,
                Miguel Angel Garcia

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 8, 2014, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _____