DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
  dmarroso@omm.com
HARRISON A. WHITMAN (S.B. #261008)
  hwhitman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Defendant Top Rank, Inc.


BRYAN J. FREEDMAN (S.B. #151990)
  bfreedman@ftllp.com
JESSE KAPLAN (S.B. #255059)
  jkaplan@ftllp.com
BRIAN E. TURNAUER (S.B. #214768)
  bturnauer@ftllp.com
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Telephone:  (310) 201-0005
Facsimile:  (310) 201-0045

Attorneys for Plaintiff Miguel Ángel Garcia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL GARCIA a.k.a. MIKEY GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TOP RANK, INC., a Nevada corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. EDCV 14-928 JAK (SPx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Judge:  Hon. John A. Kronstadt<br>Magistrate:  Hon. Sheri Pym<br>Discovery Cut-off:  January 27, 2015<br>Trial Date:  May 5, 2015 |

1      WHEREAS, discovery activity in this action is likely to involve production

2   and disclosure of certain documents and information pertaining to the parties'

3   commercially sensitive or private information, which require special protection

4   from public disclosure;

5      WHEREAS, the parties desire to litigate this action without jeopardizing

6   their commercially sensitive or private information, or the commercially sensitive

7   or private information of any third party;

8      WHEREAS, the parties met and conferred in an effort to agree to the terms

9   of a proposed protective order;

10      WHEREAS, Exhibit A is a Modified Standing Protective Order For Cases

11   Assigned To Judge John A. Kronstadt;

12      WHEREAS, the parties have conferred, stipulate, and propose to adopt

13   Exhibit A as the operative protective order in this matter;

14      WHEREAS, the parties attach Exhibit B, which is a redline illustrating

15   Exhibit A's proposed modifications to Judge Kronstadt's Standing Protective

16   Order;

17      IT IS THEREFORE AGREED, STIPULATED, AND REQUESTED by and

18   between the parties, through their respective attorneys of record, that for good cause

19   shown, Exhibit A as the operative protective order governing this matter.

20

21   IT IS SO ORDERED this 7th day of August, 2014.

22

23   _____

24   The Honorable Sheri Pym
     United States Magistrate Judge

25

26

27

28

| | |
|---|---|
| 1 | Dated:        August 5, 2014 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

Dated:        August 5, 2014          Respectfully Submitted,

DANIEL M. PETROCELLI
DAVID MARROSO
HARRISON A. WHITMAN
O'MELVENY & MYERS LLP


By: /s/ *David Marroso*
_____
        David Marroso
Attorneys for Defendant
Top Rank, Inc.


BRYAN J. FREEDMAN
JESSE KAPLAN
BRIAN E. TURNAUER
FREEDMAN + TAITELMAN, LLP


By: /s/ *Brian Turnauer*
_____
        Brian E. Turnauer
Attorneys for Plaintiff
Miguel Angel Garcia


Attestation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated:        August 5, 2014          O'MELVENY & MYERS LLP

By: /s/ *David Marroso*
_____
        David Marroso
Attorneys for Defendant
Top Rank, Inc.

[PROPOSED] STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL ANGEL GARCIA a.k.a. MIKEY GARCIA, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>TOP RANK, INC., a Nevada corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. EDCV 14-928 JAK (SPx)<br><br>**MODIFIED STANDING PROTECTIVE ORDER FOR CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT**<br><br>Judge:  Hon. John A. Kronstadt<br>Magistrate:  Hon. Sheri Pym |

### 1.  PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the parties must comply with Local Rule 79-5.1 and this Court's Order Re Pilot Program for Under Seal Documents if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

### 2.  DESIGNATING PROTECTED MATERIAL

**2.1  Over-Designation Prohibited.**  Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"  (a "designator") must only designate specific material that qualifies under the appropriate standards.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator.  Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.  If a designator learns that information or items that it designated for protection do not qualify for

1   protection at all or do not qualify for the level of protection initially asserted, that

2   designator must promptly notify all parties that it is withdrawing the mistaken

3   designation.

4        **2.2        Manner and Timing of Designations.**  Designation under this

5   Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or

6   "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" ) to each page that

7   contains protected material.  For testimony given in deposition or other proceeding,

8   the designator shall specify all protected testimony and the level of protection being

9   asserted.  It may make that designation during the deposition or proceeding, or may

10  invoke, on the record or by written notice to all parties on or before the next

11  business day, a right to have up to 21 days from the deposition or proceeding to

12  make its designation.

13       **2.2.1        **A party or non-party that makes original documents or materials

14  available for inspection need not designate them for protection until after the

15  inspecting party has identified which material it would like copied and produced.

16  During the inspection and before the designation, all material shall be treated as

17  HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.  After the inspecting

18  party has identified the documents it wants copied and produced, the producing

19  party must designate the documents, or portions thereof, that qualify for protection

20  under this Order.

21       **2.2.2.        **Parties shall give advance notice if they expect a deposition or

22  other proceeding to include designated material so that the other parties can ensure

23  that only authorized individuals are present at those proceedings when such

24  material is disclosed or used.  The use of a document as an exhibit at a deposition

25  shall not in any way affect its designation.  Transcripts containing designated

26  material shall have a legend on the title page noting the presence of designated

27  material, and the title page shall be followed by a list of all pages (including line

28  numbers as appropriate) that have been designated, and the level of protection being

1   asserted.  The designator shall inform the court reporter of these requirements.  Any

2   transcript that is prepared before the expiration of the 21-day period for designation

3   shall be treated during that period as if it had been designated HIGHLY

4   CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the

5   expiration of the 21-day period, the transcript shall be treated only as actually

6   designated.

7        **2.2.3.**       The parties shall have the right to designate materials produced

8   by third parties in this action as "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL – ATTORNEYS EYES ONLY" within seven (7) days of the

10   production of such materials in this action.  During the seven day period, all

11   material produced by a third party shall be treated as HIGHLY CONFIDENTIAL –

12   ATTORNEY EYES ONLY.

13        **2.3**       **Inadvertent Failures to Designate.**  An inadvertent failure to

14   designate does not, standing alone, waive protection under this Order.  Upon timely

15   assertion or correction of a designation, all recipients must make reasonable efforts

16   to ensure that the material is treated according to this Order.

17        **3.**       **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

18        All challenges to confidentiality designations shall proceed under Local Rule

19   37-1 through Local Rule 37-4.

20        **4.**       **<u>ACCESS TO DESIGNATED MATERIAL</u>**

21        **4.1**       **Basic Principles.**  A receiving party may use designated

22   material only for this litigation. Designated material may be disclosed only to the

23   categories of persons and under the conditions described in this Order.

24        **4.2**       **Disclosure of CONFIDENTIAL Material Without Further**

25   **Approval.**  Unless otherwise ordered by the Court or permitted in writing by the

26   designator, a receiving party may disclose any material designated

27   CONFIDENTIAL only to:

28        **4.2.1**       The receiving party's outside counsel of record in this action

and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**     The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.3**     Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.4**     The Court and its personnel;

**4.2.5**     Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.6**     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit E-1)

**4.2.7**     The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

**4.3**     **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval**.  Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**4.3.1**     The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**4.3.2**     The Court and its personnel;

**4.3.3**     Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.3.4**        The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

**4.4**        **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to In-House Counsel or Experts.**  Unless agreed to in writing by the designator:

**4.4.1**        A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

**4.4.2**        A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any

confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.3**    A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**4.4.4**    All challenges to objections from the designator shall proceed under Local Rule 37-1 through Local Rule 37-4.

**5.**    <u>**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**</u>

**5.1**    **Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2**    **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, that party must do the following.

**5.2.1**    Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

**5.2.2**    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

**5.2.3**      Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3**      **Wait For Resolution of Protective Order.** If the designator promptly seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.**      **<u>UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL</u>**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit E-1).

**7.**      **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e).

**8.**      **<u>FILING UNDER SEAL</u>**

Without written permission from the designator or a Court order, a party may

1   not file in the public record in this action any designated material.  A party seeking

2   to file under seal any designated material must comply with Local Rule 79-5.

3   Filings may be made under seal only pursuant to a court order authorizing the

4   sealing of the specific material at issue.  The fact that a document has been

5   designated under this Order is insufficient to justify filing under seal.  Instead,

6   parties must explain the basis for confidentiality of each document sought to be

7   filed under seal.  Because a party other than the designator will often be seeking to

8   file designated material, cooperation between the parties in preparing, and in

9   reducing the number and extent of, requests for under seal filing is essential. If a

10  *receiving party's* request to file designated material under seal pursuant to Local

11  Rule 79-5.1 is denied by the Court, then the receiving party ***may file the material in***

12  ***the public record*** unless (1) ***the designator*** seeks reconsideration within seven days

13  of the denial, or (2) as otherwise instructed by the Court.

14      **9.**           **HANDLING AND DISPOSITION OF MATERIALS;**

15  **FINAL DISPOSITION OF MATERIALS**

16      Within 60 days after the final disposition of this action, each party shall

17  return all designated material to the designator or destroy such material, including

18  all copies, abstracts, compilations, summaries, and any other format reproducing or

19  capturing any designated material.  The receiving party must submit a written

20  certification to the designator by the 60-day deadline that (1) identifies (by

21  category, where appropriate) all the designated material that was returned or

22  destroyed, and (2) affirms that the receiving party has not retained any copies,

23  abstracts, compilations, summaries, or any other format reproducing or capturing

24  any of the designated material.  This provision shall not prevent counsel from

25  retaining an archival copy of all pleadings, motion papers, trial, deposition, and

26  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

27  expert reports, attorney work product, and consultant and expert work product, even

28  if such materials contain designated material.  Any such archival copies remain

1  subject to this Order.

2        **10.**         **FURTHER APPLICATION**

3       Nothing in this Order shall preclude any party from applying to the Court for

4  additional or different protective provisions with respect to specific material if the

5  need should arise during this litigation.  The Court shall retain jurisdiction over the

6  parties, and over any person executing an undertaking to be bound by the terms of

7  this Order, during the pendency of this action and for such time thereafter as is

8  needed to carry out the terms of this Order.

9        **11.**         **MODIFICATION BY PARTIES**

10       This Order may be modified or amended by the parties, subject to approval

11  of the Court, provided it is in the form of a stipulation that shall be filed and made

12  part of the record in this case.

13        **12.**         **RESERVATION OF RIGHTS**

14       By designating any material "CONFIDENTIAL" or "HIGHLY

15  CONFIDENTIAL – ATTORNEYS EYES ONLY" the parties do not acknowledge

16  that any such material is relevant, discoverable, or admissible in this action.  All

17  parties reserve the right to seek discovery of, or alternatively to resist discovery of,

18  such material in this action.

19        **13.**         **USE OF OWN MATERIALS**

20       Notwithstanding the foregoing, any party may use any materials or

21  information designated by it for any purpose whatsoever.

22

23

24

25  **IT IS SO ORDERED.**

26  Dated:  <u>August 7, 2014</u>           _____

27                          HON. SHERI PYM

28                          UNITED STATES MAGISTRATE JUDGE

EXHIBIT E-1

<u>AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or oh any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____

[printed name]

Signature: _____

[signature]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **CENTRAL DISTRICT OF CALIFORNIA**

9

10 MIGUEL ANGEL GARCIA a.k.a.
MIKEY GARCIA, an individual,

    Case No. EDCV 14-928 JAK (SPx)

11
          Plaintiff,

    **MODIFIED STANDING**

12
        v.

    **PROTECTIVE ORDER FOR CASES**
    **ASSIGNED TO JUDGE JOHN A.**
    **KRONSTADT**

13
Defendant(s).TOP RANK, INC., a

14 Nevada corporation; and DOES 1-
10, inclusive,

    Judge:  Hon. John A. Kronstadt
    Magistrate:  Hon. Sheri Pym

15
         Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

### 5.      **PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the parties must comply with Local Rule 79-5.1 and this Court's Order Re Pilot Program for Under Seal Documents if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

### 6.      **DESIGNATING PROTECTED MATERIAL**

2.1            **Over-Designation Prohibited.**  Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"  (a "designator") must only designate specific material that qualifies under the appropriate standards.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator.  Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.  If a designator learns that information or items that it designated for protection do not qualify for

protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

2.2        **Manner and Timing of Designations.**  Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" ) to each page that contains protected material.  For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

2.2.1        A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced.  During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2.        Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being

asserted.  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

      **2.2.3.**      The parties shall have the right to designate materials produced by third parties in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" within seven (7) days of the production of such materials in this action.  During the seven day period, all material produced by a third party shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.

      **2.3**      **Inadvertent Failures to Designate.**  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

      **7.**      <u>**CHALLENGING CONFIDENTIALITY DESIGNATIONS**</u>

      All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

      **8.**      <u>**ACCESS TO DESIGNATED MATERIAL**</u>

      **4.1**      **Basic Principles.**  A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

      **4.2**      **Disclosure of CONFIDENTIAL Material Without Further Approval.**  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

      **4.2.1**      The receiving party's outside counsel of record in this action

and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**     The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.3**     Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.4**     The Court and its personnel;

**4.2.5**     Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.6**     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit E-1)

**4.2.7**     The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

**4.3**     **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval**.  Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**4.3.1**     The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**4.3.2**     The Court and its personnel;

**4.3.3**     Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.3.4**      The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

**4.4**      **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to In-House Counsel or Experts.**  Unless agreed to in writing by the designator:

**4.4.1**      A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

**4.4.2**      A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any

confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

      **4.4.3**      A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

      **4.4.4**      All challenges to objections from the designator shall proceed under Local Rule 37-1 through Local Rule 37-4.

      **5.**      **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

      **5.1**      **Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

      **.2**      **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, that party must do the following.

      **5.2.1**      Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

      **5.2.2**      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

**5.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3** **Wait For Resolution of Protective Order.** If the designator promptly seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.** **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit E-1).

**7.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e).

**8.** **FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may

not file in the public record in this action any designated material.  A party seeking to file under seal any designated material must comply with Local Rule 79-5.  Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal.  Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal.  Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a *receiving party's* request to file designated material under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the receiving party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within seven days of the denial, or (2) as otherwise instructed by the Court.

**9.**      **HANDLING AND DISPOSITION OF MATERIALS; FINAL DISPOSITION OF MATERIALS**

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material.  The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material.  This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material.  Any such archival copies remain

subject to this Order.

## 10.       **FURTHER APPLICATION**

Nothing in this Order shall preclude any party from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this litigation.  The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Order.

## 11.       **MODIFICATION BY PARTIES**

This Order may be modified or amended by the parties, subject to approval of the Court, provided it is in the form of a stipulation that shall be filed and made part of the record in this case.

## 12.       **RESERVATION OF RIGHTS**

By designating any material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" the parties do not acknowledge that any such material is relevant, discoverable, or admissible in this action.  All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

## 13.       **USE OF OWN MATERIALS**

Notwithstanding the foregoing, any party may use any materials or information designated by it for any purpose whatsoever.

**IT IS SO ORDERED.**

Dated:                          _____

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE

CASE NO. EDCV 14-928 JAK (SPX)
**EXHIBIT B**
**PAGE** 21

EXHIBIT E-1

<u>AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or oh any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____

[printed name]

Signature: _____

[signature]

CASE NO. EDCV 14-928 JAK (SPX)
**EXHIBIT B**
**PAGE** 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28